## A93A0065. CIPROTTI v. UNITED INNS, INC.
(433 SE2d 585)

COOPER, Judge.

Appellant was allegedly injured in an altercation with the manager of a lounge at a Holiday Inn. Seeking recovery for damages sustained in that incident, appellant sued "United Inns, Inc. d/b/a Northside Inns, Inc. d/b/a Holiday Inn." She later amended her complaint to change the defendant's name to "United Inns, Inc. a/k/a United Inns, Inc. of Tennessee d/b/a Northside Inns, Inc. d/b/a Holiday Inn Atlanta I-285." Appellant filed the complaint and amendment pro se and continues to represent herself. Process was served on CT Corporation, the registered agent for United Inns, Inc. of Tennessee and for Northside Inns, Inc. However, affidavits filed by appellee show that although appellee is affiliated with United Inns, Inc. of Tennessee and Northside Inns, Inc. and all three entities share the same corporate secretary, appellee is a separate corporation which is not authorized to do business in Georgia and does not have a registered agent for service in this state. It appears from the record that Northside Inns, Inc. owns and operates the Holiday Inn in question, but it was not named as a party defendant. The trial court dismissed appellant's complaint without prejudice for insufficiency of service of process, and appellant appeals from that dismissal.

1. In her first two enumerations of error, appellant contends that the trial court erred in considering the affidavits of appellee's corporate secretary and a representative of CT Corporation in concluding that appellee had not been served. However, appellant raises no valid arguments for excluding the affidavits, and they are clearly relevant to the issue of sufficient service. Contrary to appellant's assertion, a corporate secretary is authorized to state from personal knowledge

whether the corporation does business and has a registered agent for service in a particular state. See, e.g., *Coe & Payne Co. v. Wood-Mosaic Corp.*, 125 Ga. App. 845, 851 (189 SE2d 459) (1972), rev'd on other grounds 230 Ga. 58 (195 SE2d 399) (1973). Moreover, the fact that CT Corporation accepted service did not preclude CT Corporation from later stating that it was not the registered agent of the named defendant; service on the proper party is the responsibility of the plaintiff, not the individual accepting service. Accordingly, the trial court did not err in considering and basing its decision on these affidavits.

2. Appellant next contends that the trial court erred in considering appellee's supplemental exhibits. These exhibits were court records from previous litigation involving these same parties and arguably showed that appellant should have known that appellee was not the proper party defendant. These exhibits were not relevant to the issue of sufficiency of service and there is nothing in the record to indicate that the trial court based its dismissal on them. Thus, this enumeration of error is without merit.

Appellant's fourth enumeration of error, that the trial court erroneously failed to consider a portion of her own affidavit in which she stated that the general manager of the hotel told her that legal papers should go to appellee, is without merit for the same reason. While this statement may be relevant to the issue of whether appellant exercised due diligence, it is not relevant to sufficiency of service and does not change the fact that process was not served at any time on anyone with actual authority to receive service of process for appellee. See *News-Press Pub. Co. v. Kalle*, 173 Ga. App. 411 (1) (326 SE2d 582) (1985).

3. Appellant next argues that the trial court erred in finding that appellee had not been served. It is undisputed that process was served only on CT Corporation and affidavits submitted by appellee show that CT Corporation was not appellee's registered agent for service. Therefore, the trial court's finding regarding service is supported by evidence in the record and will not be disturbed on appeal. See *Terrell v. Porter*, 189 Ga. App. 778 (1) (377 SE2d 540) (1989). Nor can we accept appellant's assertion that service was sufficient because appellee and its affiliated corporations were alter egos which should all be treated as one corporate entity. That corporations share a mailing address and officers is not sufficient basis for "piercing the corporate veil" or concluding that one or more of the corporate entities is a "shell." See *Boafo v. Hosp. Corp. of America*, 177 Ga. App. 75 (338 SE2d 477) (1985).

4. Lastly, appellant contends that appellee was timely served when she amended her complaint to add "a/k/a United Inns, Inc. of Tennessee" after appellee's name. A plaintiff who has sued the wrong

defendant may move to amend her pleading after the statute of limitation has run and that amendment will relate back to the time of the original pleading if the proper defendant has received actual notice and knew or should have known that, but for plaintiff's mistake, it would have been the party sued. OCGA § 9-11-15 (a), (c). Moreover, where the real defendant has been served but the papers refer to that defendant by an incorrect name, the plaintiff has the right to amend to correct the misnomer. *Atlanta Veterans Transp. v. Westmoreland*, 123 Ga. App. 466 (181 SE2d 504) (1971). Appellant might have been able to rely on one or both of these legal principles *if* she had properly amended her complaint to change the party defendant. However, she did not do so, for such a change cannot be made by simply adding a different corporation's name as a "d/b/a" or "a/k/a." Both before and after appellant amended her complaint, appellee was the only corporation actually named as a party defendant, and appellee was not properly served. Accordingly, the trial court did not err in dismissing appellant's complaint for lack of service. *Terrell*, supra.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED MAY 3, 1993 —
RECONSIDERATION DENIED JULY 14, 1993 — 

Laura M. Ciprotti, *pro se.*
Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Robert W. Browning, for appellee.