A94A0926. CHARMING SHOPPES OF DELAWARE, INC. et al.
v. PARRISH et al.
(448 SE2d 781)

SMITH, Judge.

Charming Shoppes of Delaware, Inc., and Charming Shoppes, Inc. appeal from the trial court's denial of their motion to set aside a default judgment. We conclude that the motion should have been granted and reverse.

Plaintiffs Tammy and Reginald Parrish filed a personal injury action against a defendant styled "Charming Shoppes, c/o Registered Agent CT Corporation System," alleging that Tammy Parrish fell on the premises of Charming Shoppes. The uncontradicted evidence in the record shows that "Charming Shoppes, Inc." is the ultimate parent corporation of Fashion Bug No. 2028, the corporation which leased and occupied the premises in question. However, Charming Shoppes, Inc. is not registered to do business in Georgia and has no registered agent for service in Georgia. A separate and distinct corporation, Charming Shoppes of Delaware, Inc., does business in Georgia and designates CT Corporation System as its registered agent, but it has no ownership interest in the premises on which Parrish allegedly

fell.

CT Corporation System, which received a copy of the summons and complaint, apparently forwarded the papers to Charming Shoppes, Inc. The summons and complaint were delivered to a mailroom employee of Charming Shoppes, Inc. who was not authorized to accept service of process and did not forward them to anyone authorized to handle them. Upon expiration of the time for answer, the Parrishes sought and obtained entry of default judgment against "defendant, Charming Shoppes."

Charming Shoppes, Inc. filed a motion to set aside the judgment. The trial court declared that Charming Shoppes, Inc. was not a proper party to the case and determined its motion to be "moot" because it was no longer a party. The court then amended the default judgment to substitute Charming Shoppes of Delaware, Inc. as the defendant.

"[OCGA § 9-11-60] (d) and (f) provide[s] that a judgment is subject to being set aside at any time by a motion premised upon a lack of jurisdiction over the person. Further, unless a party has waived lawful service of process (which our present appellant[s have] not), such service is essential to give a court jurisdiction over that party's person. [Cit.]" *Benton v. Modern Finance &c. Co.*, 244 Ga. 533, 534 (261 SE2d 359) (1979).

Service of process was not perfected on Charming Shoppes, Inc., because as a foreign corporation not doing business in Georgia it should have been served under the provisions of OCGA § 14-2-504. While CT Corporation System acts as registered agent for Charming Shoppes of Delaware, Inc., that entity was not named as a defendant. The substitution of another corporation as defendant and judgment debtor imposes judgment upon an entity that was not named as a defendant in the original action.

In *Ciprotti v. United Inns*, 209 Ga. App. 457 (433 SE2d 585) (1993), appellant brought suit against " 'United Inns, Inc. d/b/a Northside Inns, Inc. d/b/a Holiday Inn,' " and later amended the complaint to change the defendant's name to " 'United Inns, Inc a/k/a United Inns, Inc. of Tennessee d/b/a Northside Inns, Inc. d/b/a Holiday Inn Atlanta I-285.' " Process was served on CT Corporation System, which was the registered agent for United Inns, Inc. of Tennessee and Northside Inns, Inc. but not for United Inns, Inc. The trial court dismissed the complaint for insufficiency of service of process, and this court affirmed.

As in *Ciprotti*, service of process in this action was insufficient because the named defendant was never properly served. However here the corporate defendant against which the Parrishes eventually sought and obtained a default judgment was never named in the complaint, even in the limited sense of "a/k/a" or "d/b/a." "[S]ervice of

the proper party is the responsibility of the plaintiff, not the individual accepting service." 209 Ga. App. at 458. Investigation would have revealed the actual tenant of the property, the identity of its parent corporation, and the appropriate method of service. Had the Parrishes intended to name the Georgia corporation they now assert to be the proper defendant, they could have obtained the full and correct corporate name from the files of the Secretary of State. Moreover, a plaintiff has an obligation to amend to name the proper corporate entity. "[A]ppell[ant] was the only corporation actually named as a party defendant, and appell[ant] was not properly served." 209 Ga. App. at 459.

This is not a case of mere misnomer of a party. "Correction of a misnomer involves no substitution of parties and does not add a new and distinct party." (Citations and punctuation omitted.) *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (2) (428 SE2d 381) (1993). In contrast, here a new and distinct corporate entity was substituted for the original defendant, without amendment of the complaint to add a party or service upon the new defendant after amendment. Moreover, the substitution replaced a possible party in interest with an entity which had no factual connection with the circumstances giving rise to the cause of action.

Nor is this a case of corporations shown to be so closely related by ownership or interlocking assets as to justify service on an "alter ego." The Parrishes did not present evidence that would constitute "piercing the corporate veil" or a showing that "Charming Shoppes," "Charming Shoppes, Inc." or "Charming Shoppes of Delaware, Inc." were alter egos of one another. 209 Ga. App. at 458-459.

Plaintiffs should not obtain a default judgment based on an apparent failure to investigate fully and the resulting ambiguity created by naming the wrong defendant or improperly serving the named defendant. The trial court erred in denying appellants' motion to set aside the default judgment.

*Judgment reversed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 4, 1994.

*Swift, Currie, McGhee & Hiers, Jonathan M. Engram, Eric D. Miller,* for appellants.

*Hillman J. Toombs,* for appellees.