A95A0509. AMERICAN TRANSPORT, INC. v. THOMPSON.
(460 SE2d 298)

RUFFIN, Judge.

We granted American Transport, Inc.'s application for interlocutory appeal to determine whether the trial court erroneously denied its motion to dismiss for Lena Sue Thompson's failure to name or serve American Transport as a defendant within the statute of limitation.

On October 27, 1993, Thompson filed an action against American Transport, Inc., a Michigan corporation, for injuries she sustained in an automobile accident on November 10, 1991. In its answer to the complaint, filed December 6, 1993, American Transport indicated it was not a proper party to the lawsuit because it was not in business on the date of the accident nor was the alleged driver of the vehicle which caused Thompson's injuries ever its employee. Thompson's attorney subsequently learned that a separate and distinct Pennsylvania corporation bearing the same name was the proper defendant. On December 10, 1993, Thompson moved the court to amend her complaint, adding the Pennsylvania American Transport, Inc., as a party defendant and deleting all references to the Michigan corporation. The trial court granted the motion to amend, and the Pennsylvania American Transport was served on December 23, 1993.

The Pennsylvania American Transport asserted the two-year statute of limitation as a defense in its answer and moved to dismiss the action on that ground. In support of its motion, American Transport submitted affidavits from two employees to whom claims against the company are directed. They averred that they first received notice of Thompson's claim on or about December 13, 1993, upon receipt of

the complaint and summons and that prior to that date they had no knowledge of Thompson's claim. In its motion, American Transport argued that the strict requirements of OCGA § 9-11-15 (c) were not satisfied when the complaint was amended to add American Transport as a party defendant because it was not named in the original complaint and had no knowledge or reason to know that an action had been commenced which, but for a mistake of identity, would have been brought against it. Thus, the amended complaint, filed after the statute of limitation expired, did not relate back to the original complaint and was time-barred.

Denying the motion to dismiss, the trial court distinguished the instant case from the numerous cases applying OCGA § 9-11-15 (c) on the ground that in those cases, the plaintiff sought to amend his complaint after the statute of limitation expired to sue a defendant with a different name than the defendant sued before the statute of limitation expired. The court held that in the instant case, Thompson did not erroneously sue a defendant with the name "American Transport Inc." Rather, she described the wrong American Transport Inc. in her complaint and served the wrong American Transport Inc. within the statute of limitation. Thus, OCGA § 9-11-15 (c) was not applicable. The court then referenced certain evidence which purportedly showed that two days after receiving the Michigan American Transport's answer and discovering it was the wrong company, Thompson's attorney obtained the Pennsylvania company's address from its insurer and diligently served that company six days later with the amended complaint. Based on this evidence, the trial court concluded that the complaint should not be dismissed because Thompson exercised due diligence in perfecting service after the statute of limitation expired.

American Transport contends that diligent service is not at issue here because Thompson named the wrong defendant in her original complaint; it was not properly named as a defendant until after the statute of limitation expired; and the requirements of OCGA § 9-11-15 (c) were not met. We agree.

The evidence is undisputed that, despite sharing the same name, American Transport is a separate and distinct entity from the Michigan corporation. Thus, it is apparent that Thompson named and served the wrong corporation in her original complaint. "A plaintiff who has sued the wrong defendant may move to amend her pleading after the statute of limitation has run and that amendment will relate back to the time of the original pleading if the proper defendant has received actual notice and knew or should have known that, but for [the] plaintiff's mistake, it would have been the party sued. OCGA § 9-11-15 (a), (c)." *Ciprotti v. United Inns*, 209 Ga. App. 457, 458-459 (433 SE2d 585) (1993). American Transport had the burden of demonstrating that at least one of the requirements of OCGA § 9-11-15

(c) was not satisfied. *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326 (436 SE2d 63) (1993). The affidavits submitted by American Transport stated the company was unaware of and had no notice of Thompson's action until it was served with the amended complaint. See OCGA § 9-11-15 (c) (1). The burden then shifted to Thompson to show that the statute's requirements were met. Id. Although Thompson made many unsubstantiated allegations in her appellate brief regarding American Transport's knowledge of her claim, she produced no evidence which contradicted the affidavits. For example, she alleged that American Transport's insurer contacted her attorney and was negotiating a settlement on American Transport's behalf. While the record contains correspondence between Thompson's attorney and an insurer for an "American Transport," there is no evidence that the insurer was the Pennsylvania American Transport's insurer or that the Pennsylvania American Transport was aware of the negotiations. In fact, other evidence sheds doubt on Thompson's allegation as it appears that when the insurer was asked for the home address of its insured, the insurer gave a Wierton, West Virginia, address. Whether or not that representation constituted concealment which prevented her from learning the identity of the real defendant, as Thompson also alleges with no evidentiary basis, is irrelevant inasmuch as "the burden is on the plaintiff to investigate and learn where the defendant may be located." (Citations and punctuation omitted.) *Jones v. Brown*, 174 Ga. App. 632, 634 (331 SE2d 24) (1985). American Transport having demonstrated that one of the elements of OCGA § 9-11-15 (c) was not satisfied, the relation-back provisions do not apply. *Doyle*, supra. Accordingly, Thompson's amended complaint was barred by the statute of limitation, and the trial court erred in denying American Transport's motion to dismiss.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED JUNE 12, 1995 —
RECONSIDERATION DENIED JULY 20, 1995.

*Whelchel, Dunlap & Gignilliat, John F. Kennedy, Thomas S. Bishop*, for appellant.
*John H. Bedford*, for appellee.