A99A0068. KHAWAJA v. LANE COMPANY, INC.
A99A0322. KHAWAJA v. SUMMERCOURT PROPERTIES, L.P.
(520 SE2d 1)

SMITH, Judge.

These companion appeals arise out of the trial court's grant of summary judgment to Realty Management Corporation and to Summercourt Properties, L.P. in a personal injury action filed by Nazir Khawaja. Finding no error, we affirm.

On November 7, 1997, just before the two-year statute of limitation would have barred his action for personal injuries, Khawaja filed a complaint against Lane Company, Inc. for injuries he allegedly sustained on November 8, 1995. See OCGA § 9-3-33. On November 10, 1997, a special process server served this defendant. It also appears that Angela Sanders, a receptionist for Realty Management Corporation, d/b/a Lane Company, was served by special process server with the complaint on November 17, 1997. An answer was then filed by Realty Management Corporation, d/b/a Lane Company (Realty Management), raising insufficiency of service of process as a defense. Approximately three months later, Khawaja filed a "motion to amend complaint," seeking to add Summercourt Properties, L. P., allegedly the record title holder of the property on which Khawaja was injured. He also filed a document captioned, "amendment for misnomer," reciting that "[t]he name Realty Management Corp. d/b/a Lane Company should be substituted in lieu of Lane Company, Inc."

On the same day Khawaja filed these pleadings, without permitting any response by the parties sought to be added, the trial court entered orders granting the motion to amend to add Summercourt Properties and permitting substitution of Realty Management in place of Lane Company, Inc. Apparently unaware that the trial court had entered these orders, Realty Management responded to Khawaja's motions and subsequently moved for summary judgment on the ground that Khawaja failed to comply with the requirements of OCGA § 9-11-15 (c) concerning amendment of a pleading to change the party against whom a claim is asserted after the statute of limitation has run. After moving for summary judgment, Realty Management moved for reconsideration of the trial court's orders permitting amendment and substitution.

Without expressly ruling on the motion for reconsideration, the trial court granted summary judgment to Realty Management, concluding that Realty Management was never added as a proper party.

The court stated that although it "entered an order to purportedly correct the 'misnomer,' . . . of Lane Company, Inc. to Realty Management Corporation d/b/a Lane Company, this is not a misnomer case." The court further concluded that Khawaja erroneously failed to seek leave to amend the complaint and failed to comply with OCGA § 9-11-15 (c). After the trial court granted summary judgment to Realty Management, Summercourt Properties moved for summary judgment, and the trial court granted the motion for the same reasons it granted Realty Management's motion.

1. In Case No. A99A0068, Khawaja appeals the grant of summary judgment to Realty Management. He first argues that the trial court erred in concluding that Realty Management was never made a proper party. He points out that the trial court never ruled on Realty Management's motion for reconsideration concerning the substitution and amendment of the complaint, and he argues that the trial court never "reversed, amended, changed, overruled or otherwise altered" its order "placing Realty Management . . . into the case." For these reasons, he contends Realty Management was added as a proper party defendant. We do not agree. In its order granting Realty Management's motion for summary judgment, entered after its order concerning Khawaja's pleading entitled "amendment for misnomer," the trial court altered its earlier order by reciting that "this is not a misnomer" case. The trial court correctly reached this conclusion. "Correction of a misnomer involves no substitution of parties and does not add a new and distinct party." (Citation and punctuation omitted.) *Charming Shoppes &c. v. Parrish*, 214 Ga. App. 729, 731 (448 SE2d 781) (1994).

It is undisputed that Lane Company, Inc. and Realty Management Corporation, d/b/a Lane Company, are separate and distinct entities. The president of Realty Management testified by affidavit that "Realty Management Corporation does business under the name Lane Company. It does not now and has not in the past used the name Lane Company, Inc." Also according to the president, Realty Management had "no connection whatsoever with a Georgia corporation known as 'Lane Company, Inc.' " Khawaja presented no evidence disputing this testimony. The trial court consequently did not err in concluding that this is not a case of mere misnomer, but one in which leave of court was required for addition of Realty Management Corporation. "A court order is required to add or drop parties under OCGA § 9-11-21, and even the liberal amendment provisions of OCGA § 9-11-15 are limited by this requirement. [Cit.]" *Young v. Rider*, 208 Ga. App. 147, 148 (1) (430 SE2d 117) (1993). See also *Manning v. Robertson*, 223 Ga. App. 139, 141 (1) (476 SE2d 889) (1996).

2. Khawaja also contends that the trial court erroneously con-

cluded that he failed to meet the requirements of OCGA § 9-11-15 (c). We disagree.

> A plaintiff who has sued the wrong defendant may move to amend [his or] her pleading after the statute of limitation has run and that amendment will relate back to the time of the original pleading if the proper defendant has received actual notice and knew or should have known that, but for the plaintiff's mistake, it would have been the party sued. OCGA § 9-11-15 (a), (c).

(Citation and punctuation omitted.) *American Transp. v. Thompson*, 218 Ga. App. 54, 55 (460 SE2d 298) (1995).

Realty Management had the burden of showing that at least one of the requirements of OCGA § 9-11-15 (c) was not met. *American Transp.*, supra at 55-56; see also *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995). On motion for summary judgment, Realty Management pointed to evidence showing that although Khawaja's special process server purportedly served Lane Company, Inc. on November 10, 1997, Lane Company, Inc. was not related to Realty Management. Furthermore, while a receptionist for Realty Management was served November 17, 1997, outside the limitation period, the undisputed testimony presented by Realty Management showed that this receptionist was not authorized to accept service. It was not until June 5, 1998, that the registered agent for Realty Management was finally served, and Realty Management submitted undisputed evidence that the purported service on its receptionist on November 17, 1997, was the first notice it received that a complaint had been filed.

Once Realty Management showed that it did not have notice of the action within the limitation period, Khawaja was required to show that the requirements of OCGA § 9-11-15 (c) were met. *American Transp.*, supra at 56. Khawaja failed in this regard. In response to Realty Management's motion for summary judgment, Khawaja attempted to create an issue of fact as to whether Realty Management's receptionist was authorized to accept service; he did so by submitting the affidavit of his special process server. That affidavit recited that the receptionist "stated . . . that she was able to accept service on behalf of Lane Company" and that she never stated "that she was unable to accept service on behalf of Lane Company." The former statement, however, was hearsay, lacking in probative value to establish any fact. See, e.g., *Howell Mill/Collier Assoc. v. Penny-packer's, Inc.*, 194 Ga. App. 169, 171 (2) (390 SE2d 257) (1990). And the latter statement amounted to mere speculation that the receptionist *might* have been authorized to accept service. But this state-

ment has no probative value in light of Realty Management's direct evidence that the receptionist was not authorized to accept service. See generally *Dougherty County Farm Bureau v. Hinman*, 184 Ga. App. 244, 245 (361 SE2d 236) (1987).

We also note the affidavit testimony of Khawaja's attorney reciting among other things that Realty Management's insurance adjuster had been "aware of the claim for damages since February 12, 1996" and that the defendants had never been unaware of the incident since this conversation. But under the plain wording of OCGA § 9-11-15 (c), the defendant sought to be added must have actual notice of the institution of the action, not merely "[n]otice of the incidents giving rise to the litigation." *Harrison v. Golden*, 219 Ga. App. 772, 773 (1) (466 SE2d 890) (1995). See also *Hall v. Hatcher Sales Co.*, 149 Ga. App. 133, 134 (1) (253 SE2d 812) (1979).

The evidence in this case is undisputed that an employee of Realty Management, an entity unconnected with Lane Company, Inc., was purportedly served with Khawaja's complaint after the expiration of the two-year statute of limitation. Realty Management clearly did not have notice of the institution of the action until after expiration of the statute of limitation, and relation back of Khawaja's complaint to add Realty Management was not authorized under OCGA § 9-11-15 (c). *American Transp.*, supra; *Swan*, supra at 450-451; see also *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326 (436 SE2d 63) (1993).

*Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975) and *Ford v. Olympia Skate Center*, 213 Ga. App. 600 (445 SE2d 362) (1994), relied upon by Khawaja, are distinguished from this case. In *Snyder*, the day before the statute of limitation would have barred plaintiff's claim for personal injuries, she filed a suit naming Richway, Inc. as defendant. Id. After Richway, Inc. answered and moved for summary judgment on the ground that it did not own, operate, or control the store in which plaintiff's injuries occurred, plaintiff amended her complaint to substitute "Rich's, Inc. d/b/a Richway, Inc." as defendant. Id. at 890. This court concluded that Rich's, Inc. was properly added to the action, because the requirements of former Code Ann. § 81A-115 were met. In particular, although *Snyder* states only that "Rich's Inc., the correct defendant, had early notice of the pendency of the claim," id. at 891, it is clear that Rich's, Inc. *also* had notice of the pendency of the *action* against it, because the secretary of both corporations was served with the complaint. Id. at 891-892. Moreover, evidence was presented that Richway, Inc. and Rich's, Inc. were closely related, as Rich's, Inc. was the sole stockholder of Richway, Inc., and Rich's, Inc. "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it." (Punc-

tuation omitted.) Id. at 892.

Similarly, in *Ford*, supra, plaintiff named the wrong defendant, Olympia Skate Center, before the expiration of the statute of limitation and served the personal secretary of its president. Id. at 600. Plaintiff later sought to amend to substitute or add the correct defendant, Olympia Services, Inc. Id. at 601. We concluded that the trial court should have permitted the substitution of the correct defendant on the ground that plaintiff complied with the requirements of OCGA § 9-11-15 (c). With regard to whether Olympia Services had notice of the pendency of the action, evidence was presented that the "original complaint was served on the personal secretary of the man who served as president of both Olympia Skate Center, Inc. and Olympia Services, Inc." and later on the president himself. Id. at 601 (1). Also, we found that the two entities were "closely intertwined," as they shared "the same president, stockholder(s), bookkeeper, and accountant." Id. at 602.

Here, unlike *Snyder* and *Ford*, the undisputed evidence shows that Realty Management did not have notice of the pendency of the action against it within the two-year statute of limitation for filing a complaint for personal injuries and that Realty Management, the correct defendant, was not related to Lane Company, Inc. Although in *Ford* we stated that our policy is "to interpret the Civil Practice Act liberally rather than restrictively, [cits.]," id. at 602 (1), we did not dispense with the requirement that a defendant sought to be added under OCGA § 9-11-15 (c) must have had sufficient notice of the pendency of the action. Realty Management was not given notice of the action within the time "provided by law for commencing the action against [it]," OCGA § 9-11-15 (c), and the trial court did not err in granting its motion for summary judgment.

3. In Case No. A99A0322, Khawaja contends that the trial court erroneously granted summary judgment to Summercourt Properties.

After the trial court granted Realty Management's motion for summary judgment, Summercourt Properties moved for summary judgment, expressly adopting the motion of Realty Management. The trial court granted summary judgment for the same reasons it entered judgment in favor of Realty Management: Khawaja's failure to show that all requirements of OCGA § 9-11-15 had been met.[1] We agree with the trial court's conclusion. Khawaja based his motion to

---

[1] Although the trial court granted Khawaja's motion to add Summercourt and never explicitly modified this order, in its subsequent order granting summary judgment to Summercourt, the trial court stated, "Even though Summercourt Properties, L.P. was added as a party to this case, the requirements of [OCGA §] 9-11-15 must be met in order for service on them [sic] to relate back" and that Summercourt did not receive notice of the lawsuit within the statute of limitation. The court thus modified its earlier order.

add Summercourt Properties on his theory "that Defendant Lane Company, Inc., either a subsidiary of or a company hired by Summercourt Properties, LP to manage subject property, is already a named Defendant. Therefore, Summercourt Properties, LP already has knowledge of the lawsuit." But as discussed above, Lane Company, Inc. was not related to the correct defendant, Realty Management, and Realty Management did not receive notice of the institution of the action against it until after expiration of the statute of limitation. Notice to Lane Company, Inc. of the pendency of the lawsuit was not notice to Summercourt Properties, and the trial court did not err in granting this defendant's motion for summary judgment.

*Judgments affirmed. Pope, P. J., and Eldridge, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Khawaja argues that the purported statement of Lane Company's receptionist that she was able to accept service was not hearsay but instead was an admission. We do not agree. It is true that "[a]dmissions by an agent . . . , during the existence and in pursuance of his agency, shall be admissible against the principal." OCGA § 24-3-33. But before the statements of a purported agent may be admitted, "some proof of agency must be submitted. [Cit.]" *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 794 (476 SE2d 265) (1996). Here, Khawaja has failed to submit proof that the receptionist was an agent authorized to accept service. For an employee to be authorized to accept service on a corporation's behalf, the employee's position must

> be such as to afford reasonable assurance that he will inform his corporate principal that such process has been served upon him. It is not necessary that the employee in question be an officer or that he be authorized to enter into contracts on behalf of the corporation. However, if the employee is not an officer or has not been expressly designated by the corporation to receive service, *it is necessary that he or she occupy some position of managerial or supervisory responsibility within the organization.*

(Citations and punctuation omitted; emphasis supplied.) *Whatley's Interiors v. Anderson*, 176 Ga. App. 406, 407 (336 SE2d 326) (1985). Khawaja failed to show or point to any evidence showing that the receptionist occupied any managerial or supervisory responsibility within Realty Management. In fact, the undisputed affidavit testimony of Realty Management's president showed that the receptionist simply received and signed for mail and packages, was not an officer

or director, and was not authorized to accept service on behalf of Realty Management. Because no evidence of agency was presented, the receptionist's alleged statements to the process server were not admissions. They were simply hearsay and had no probative value.

Khawaja also argues that *Tanner's Rome, Inc. v. Ingram*, 236 Ga. App. 275 (511 SE2d 617) (1999) controls the issue of whether the action in this case is barred by the failure to comply with the requirements of OCGA § 9-11-15 (c). We do not agree. In that case, an incorrectly named defendant was served a few weeks after the expiration of the two-year statute of limitation, and we affirmed the trial court's denial of the defendant's motion for summary judgment. The defendant originally named and served in the lawsuit was a sister corporation of the correct defendant, Tanner's Rome, and shared the same registered agent. Id. at 275. Tanner's Rome was substituted by consent order. Id. at 276. Because the two corporations were closely related, we concluded that valid service on the improperly named defendant, even after expiration of the statute of limitation, "was timely notice of the action, and the requirements of OCGA § 9-11-15 (c) were met." Id. We distinguished *Tanner's Rome* from *Harrison v. Golden*, 219 Ga. App. 772 (466 SE2d 890) (1996), "because in that case the substituted defendant and the existing defendant were unrelated." *Tanner's Rome*, supra at 276.

Khawaja appears to argue that because an incorrect defendant was named after the statute of limitation expired, and because summary judgment was properly denied to the correct defendant, summary judgment should also be denied here. But this argument ignores the basis for our decision in *Tanner's Rome*: the fact that the incorrectly named corporation and the correct corporation were related. We did not reach the issue of whether service was diligent so that late service related back to the date of filing. Id. at 276. Similarly, we do not reach that issue in this case. Here, as in *Harrison*, supra, and unlike *Tanner's Rome*, Realty Management and Lane Company, Inc. were not related, and we therefore cannot conclude that the requirements of OCGA § 9-11-15 (c) were met.

DECIDED MAY 18, 1999 —
RECONSIDERATION DENIED JULY 14, 1999 ▮

*Greer, Klosik & Daugherty, Frank J. Klosik, Jr., Deborah M. Carter, P. Kent Eichelzer III*, for appellant.
*Barksdale & Associates, Carol L. Wilkerson*, for appellees.