A00A0270. STEPHENS v. McDONALD'S CORPORATION.
(536 SE2d 566)

PHIPPS, Judge.

Ruby Stephens appeals the trial court's dismissal of her personal injury claims against McDonald's Corporation. The primary issue is whether service of the complaint on an employee of a McDonald's franchisee gave McDonald's notice of the suit so that an amended pleading adding McDonald's as a party defendant related back to the date of the original complaint. Stephens's claims against McDonald's are subject to the two-year statute of limitation applicable to personal injury claims.[1] If the amendment does not relate back to the date of the original complaint, the claims are time barred. We find that the requirements of OCGA § 9-11-15 (c) have not been met and therefore affirm dismissal of the action.

Stephens fell in a McDonald's restaurant on December 18, 1995, and filed suit to recover for her injuries. She named Paul Messer Area McDonald's d/b/a McDonald's Restaurants as the defendant in the initial complaint. In fact, Messer, individually, was the franchisee of the McDonald's restaurant where Stephens fell. Stephens filed her complaint on December 15, 1997, three days before the expiration of the two-year statute of limitation. On December 30, 1997, the sheriff's office served Messer's employee, Leigh Sears, with a copy of the summons and complaint.

On November 16, 1998, Stephens moved to amend her complaint to change the name of the defendant to McDonald's Corporation. That motion was granted. As instructed by the court, Stephens served McDonald's with a copy of the summons, the complaint, the amendment, and the order granting the amendment. The documents were served on McDonald's registered agent on November 16, 1998, via certified mail.

McDonald's specially appeared and moved to dismiss Stephens's amended complaint based on improper service of process, expiration of the statute of limitation, untimely service on Sears, and failure to meet the amendment requirements of OCGA § 9-11-15 (c). The trial court granted McDonald's motion. Stephens appeals, contending that (1) service of process was properly made on an agent of McDonald's; (2) she was entitled to amend her complaint as a matter of law and

---

[1] OCGA § 9-3-33.

could do so properly under OCGA § 9-10-132 or § 9-11-15; and (3) she should not be prejudiced by any delay in service caused by the deputy sheriff.

1. Stephens contends that service on Sears, an employee of a McDonald's franchisee, constituted service on McDonald's.

A corporation may be served through its "president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof."[2] According to Messer's affidavit, Sears was his employee and was not an employee of McDonald's. McDonald's submitted an affidavit from its corporate counsel stating that Sears was not a McDonald's employee, was not authorized to act as an agent for McDonald's, and had no authority to accept service on its behalf. Stephens submitted no evidence to contradict these affidavits. As a result, we find that service on Sears did not effect service on McDonald's.

A corporation may also be served through its registered agent for service of process.[3] Stephens made no attempt to employ this method of service until November 16, 1998, 11 months after the statute of limitation had expired.

2. In her second enumeration of error, Stephens erroneously contends that she is entitled to amend her complaint to add McDonald's as a party defendant as a matter of right under either OCGA § 9-10-132 or § 9-11-15. An amendment may be made under OCGA § 9-10-132 to correct a misnomer or under OCGA § 9-11-15 to change the party against whom the claim is asserted. In both instances, leave of court is required.[4]

This is not a case of a mere misnomer of a party. Instead, McDonald's, a new and distinct corporate entity, was substituted for the original defendant. Therefore, Stephens's amendment was not proper under OCGA § 9-10-132.[5]

Under OCGA § 9-11-15 (c), Stephens's amendment changing the name of the defendant relates back to the date of the original complaint only if, prior to the expiration of the statute of limitation, the new defendant:

> (1) has received such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the

---

[2] OCGA § 9-11-4 (d) (1).
[3] OCGA § 14-2-504 (a).
[4] *Young v. Rider*, 208 Ga. App. 147, 148 (1) (430 SE2d 117) (1993); *Dollar Concrete Constr. Co. v. Watson*, 207 Ga. App. 452 (428 SE2d 379) (1993).
[5] *Charming Shoppes &c. v. Parrish*, 214 Ga. App. 729, 731 (448 SE2d 781) (1994).

action would have been brought against [it].[6]

There is no evidence that McDonald's received actual notice of Stephens's original complaint before the statute of limitation expired. Stephens contends that, based on the agency relationship between McDonald's and its franchisee, service of the complaint on Sears constituted notice to McDonald's.

In *Ford v. Olympia Skate Center*,[7] an amended complaint was served on the personal secretary of the man who served as president for both the original corporate defendant and the corporate defendant to be added and later on the president himself. The corporations had the same stockholders, bookkeeper, and accountant. Under those circumstances, we found the corporation to be added had sufficient notice of the pending action and, through its president, knew or should have known that, but for the mistake concerning its identity, the action would have been brought against it.[8] That is not the case here. Stephens has failed to show that McDonald's and its franchisee shared any officers, directors, employees, or agents.

We also fail to see how Stephens could have made a mistake about the identity of the franchisor of the McDonald's restaurant.[9] Presumably, the McDonald's name and logo were prominently displayed throughout the restaurant. To determine the proper party defendants, it would not take extensive research to determine that McDonald's had at least some interest in the restaurant. Nor is there any evidence in the record that McDonald's knew or should have known the action would have been brought against it.[10]

Based on the record, we find that McDonald's did not have notice of the pending action prior to the expiration of the statute of limitation. Because Stephens's amendment was improper under OCGA § 9-11-15 (c), the trial court properly held that her claims against McDonald's were time barred.

3. Stephens contends the trial court improperly dismissed her complaint for failure to effect service diligently on the original defendant. The trial court's order does not reflect timeliness of service on the original defendant as a basis for its decision to grant McDonald's motion to dismiss. Because we find that Stephens's

---

[6] OCGA § 9-11-15 (c).

[7] 213 Ga. App. 600, 601-602 (1) (445 SE2d 362) (1994).

[8] Id. See also *Rich's, Inc. v. Snyder*, 134 Ga. App. 889, 891-892 (1) (216 SE2d 648) (1975).

[9] See *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995) (relation back provisions of OCGA § 9-11-15 (c) not satisfied where it was unclear how any mistake could have been made as to individual's identity as actual or potential party to the litigation).

[10] Compare *Tanner's Rome, Inc. v. Ingram*, 236 Ga. App. 275, 276 (511 SE2d 617) (1999) (sister corporation of original defendant admitted that it knew or should have known the action would have been brought against it).

claims against McDonald's were time barred regardless of when the original complaint was served on Sears, we do not reach this issue.

4. McDonald's request for imposition of frivolous appeal penalties pursuant to Court of Appeals Rule 15 (b) is denied.

*Judgment affirmed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 29, 2000 —
RECONSIDERATION DENIED JULY 14, 2000.

*Hicks & Massey, Frederick V. Massey*, for appellant.
*Gray, Hedrick & Edenfield, L. Bruce Hedrick*, for appellee.