A01A2314. CALDWELL v. PARC CHATEAU APARTMENTS, LTD. et al.
(557 SE2d 455)

RUFFIN, Judge.

Almeator Caldwell appeals the trial court's decision granting summary judgment to Parc Chateau Section I Associates, L.P. ("Section I"). For reasons that follow, we affirm.

To prevail on summary judgment, the movant "must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law."[1] So viewed, the record shows that Caldwell sued Parc Chateau Apartments, Ltd. ("PCAL") on January 12, 1998, for damages allegedly sustained when she fell at the Parc Chateau Apartments on February 1, 1996. PCAL failed to answer Caldwell's complaint, and the trial court entered a default judgment. PCAL subsequently moved to set aside the judgment, arguing that it had not been properly served and that it had never owned, managed, or "had any involvement at all" in the Parc Chateau Apartments. With the parties' consent, the trial court set aside the default judgment and dismissed Caldwell's claims against PCAL.

---

Caldwell eventually learned that Section I, a single asset partnership, owned the Parc Chateau Apartments, and, on October 1, 1998, she requested leave to add Section I as a defendant. The trial court granted Caldwell's request on November 20, 1998. Nevertheless, Caldwell waited until March 17, 2000, to file her "Amendment to Complaint" adding Section I to the lawsuit. Section I moved to dismiss the amended complaint on statute of limitation grounds, asserting that it did not receive notice of the action until it was served on March 20, 2000, more than four years after Caldwell's injury and well outside the two-year limitation period.[2] Caldwell countered that the amended complaint was not time-barred because it related back to her original, timely filed complaint under OCGA § 9-11-15 (c). The trial court converted Section I's motion into a motion for summary judgment and allowed the parties additional time to submit evidence. After reviewing that evidence, the trial court rejected Caldwell's reliance on OCGA § 9-11-15 (c) and granted Section I summary judgment.

When a claimant adds a new party defendant after the statute of limitation expires, "the provisions of OCGA § 9-11-15 (c) apply to determine whether or not the addition of the party relates back to the commencement of the action and is considered timely."[3] Under OCGA § 9-11-15 (c), Caldwell's amendment related back to the date of the original complaint only if, *within the limitation period*, Section I "(1) . . . received such notice of the institution of the action that [it] will not be prejudiced in maintaining [its] defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]."[4]

Section I had the burden on summary judgment to demonstrate that Caldwell failed to meet at least one of the relation-back requirements in OCGA § 9-11-15 (c).[5] To this end, it submitted the affidavit of Marc Abrams, secretary and general counsel of Oxford Development Corporation ("Oxford"), Section I's managing general partner during the relevant time period. Abrams testified by affidavit that Section I had no connection to or affiliation with PCAL. He further stated that "Section I had no notice (actual, constructive or otherwise) of the original Complaint filed against PCAL on January 12, 1998," and did not receive notice of the lawsuit until March 20, 2000, when Caldwell served Section I with the amended complaint.

Abrams' affidavit demonstrated that Caldwell could not satisfy

---

[2] See OCGA § 9-3-33.
[3] *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326-327 (436 SE2d 63) (1993).
[4] OCGA § 9-11-15 (c).
[5] See *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995).

OCGA § 9-11-15 (c) (1) because Section I learned about the lawsuit only *after* the statute of limitation expired. That affidavit shifted the burden to Caldwell "to show the applicability of the relation-back provisions of OCGA § 9-11-15 (c)."[6] Caldwell failed to meet this burden. Nothing in the record contradicts Abrams' testimony about late notice or evidences any connection between PCAL and Section I that might have given Section I earlier notice of the suit.[7] Indeed, when Caldwell deposed Abrams, he reiterated that neither Section I nor Oxford had any relationship with PCAL. According to Abrams, PCAL "is not one of [Oxford's] entities, [and] has nothing to do with anybody up here."

Caldwell argues on appeal that because Oxford is a complex organization consisting of numerous corporate and partnership entities, "it is possible that any number of [these] entities could have or should have had knowledge or notice of [Caldwell's] lawsuit." This argument is based on supposition, not evidence, and cannot satisfy Caldwell's burden.[8] Caldwell has pointed to no evidence that Section I had notice of the lawsuit before the statute of limitation expired. And, despite her effort to draw some connection between PCAL and Section I, the record shows that PCAL was not related or tied in any way to Section I or Oxford, its managing partner.

Section I conclusively demonstrated that at least one requirement of OCGA § 9-11-15 (c) was not satisfied, precluding Caldwell's reliance on the relation-back provisions.[9] Accordingly, the trial court properly granted summary judgment to Section I.[10]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 12, 2001.

*Greer, Klosik, Daugherty & Swank, Frank J. Klosik, Jr., Brian W. Johnson*, for appellant.

*Mabry & McClelland, Emory S. Mabry III, Benton, Preston &*

---

[6] (Punctuation omitted.) Id. See also *Khawaja v. Lane Co.*, 239 Ga. App. 93, 95 (2) (520 SE2d 1) (1999); *Doyle*, supra at 328.

[7] See, e.g., *Fontaine*, supra at 124-125 (service on originally named corporation provided sufficient notice of lawsuit to related corporation with same registered agent and same legal counsel).

[8] See *Khawaja*, supra at 95-96 (speculative testimony had no probative value in light of direct evidence to the contrary).

[9] See *Swan*, supra; *Doyle*, supra.

[10] See *Stephens v. McDonald's Corp.*, 245 Ga. App. 109, 110-111 (2) (536 SE2d 566) (2000); *Khawaja*, supra at 97.

*Malcom, Robert M. Malcom, Montlick & Associates, Alan Y. Saltzman,* for appellees.