A08A0477. THE PHOENIX INSURANCE COMPANY
v. PATTERSON.
(664 SE2d 264)

BERNES, Judge.

We granted an interlocutory application by The Phoenix Insurance Company (Phoenix) to consider whether the trial court erred when it granted the motion of Larry Patterson, a Phoenix policyholder, to add Phoenix as a party defendant after the expiration of the policy's one-year limitation provision on policyholder actions. We now affirm because the transcript of the evidentiary hearing on Patterson's motion is not before us.

We review a trial court's decision to permit the addition of a party defendant for an abuse of discretion, *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880 (3) (575 SE2d 673) (2002), and will not find such abuse where there is any evidence to support the trial court's decision. *Deleo v. Mid-Towne Home Infusion*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000).

So viewed, the record shows that Patterson's home sustained water damage from a leaking air conditioner on September 12, 2005. He filed a timely claim with his homeowner's insurer. In a separate section denominated "Your Insurer," the second declarations page of the policy identified Patterson's insurer as "The Phoenix Insurance Company, One of the Travelers Property Casualty Companies, One Tower Square, Hartford, CT 06183." "Travelers" is displayed in boldface at the top of the declarations page and on the front of the homeowners policy booklet, however. The correspondence Patterson's attorney sent to the claims adjuster was addressed to "The Travelers Insurance Company." All of the correspondence Patterson received from the insurer concerning his claim also bore the name "Travelers," and Phoenix employees conducted telephone conversations with Patterson under this name.

On September 11, 2006, the last day on which to comply with the policy's one-year suit limitation clause, Patterson filed suit against "The Travelers Insurance Company." The Travelers Insurance Company is a subsidiary of Metlife, however, whereas Phoenix is a

subsidiary of St. Paul Travelers, a completely separate entity. Metlife forwarded the suit papers to St. Paul Travelers on September 22, 2006, ten days after the expiration of the one-year limitation period. After an evidentiary hearing, the trial court granted Patterson's motion to add Phoenix as a party defendant. The trial court ruled that Phoenix waived its policy limitation by leading Patterson to believe that his insurer was the Travelers Insurance Company. Phoenix then applied for and obtained a certificate of immediate review and applied for interlocutory review, which we granted. This appeal followed.

Phoenix contends that Patterson's amendment adding Phoenix as a defendant did not relate back to the original filing date and that Patterson's action is therefore barred by the policy's contractual one-year limitation clause. See, e.g., *Khawaja v. Lane Co.*, 239 Ga. App. 93, 96 (2) (520 SE2d 1) (1999) (affirming grant of summary judgment under OCGA § 9-11-15 (c) where defendant had notice of incidents giving rise to suit before expiration of limitation period but no "actual notice of the institution of the action" itself).

However, the record before us does not include a transcript of the evidentiary hearing on the basis of which the trial court ruled that Phoenix had waived the limitation clause by its conduct; the parties do not agree on the extent of the evidence adduced there; and Phoenix has not "utilized any of the alternative procedures set forth in OCGA § 5-6-41 for circumstances where a transcript is unavailable." *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 139 (1) (622 SE2d 374) (2005).

> Without access to the hearing transcript, we cannot determine whether evidentiary submissions, stipulations, or statements in place by counsel were tendered at the hearing. The burden is on an appellant to show error by the record, and when a portion of the record which is necessary for our determination of one or more appellate issues is not before the court, the trial court's express or implicit ruling as to those issues must be affirmed.

*Gill v. B&R Intl.*, 234 Ga. App. 528, 531 (1) (c) (507 SE2d 477) (1998). In the absence of the transcript of the evidentiary hearing on Patterson's motion, we affirm the trial court's exercise of its discretion to add Phoenix as a party defendant. Id. at 532 (1) (c) (grant of summary judgment "must be sustained" in absence of transcript of hearing at which evidence might have been submitted); *St. Paul Reinsurance Co.*, 276 Ga. App. at 141-142 (1) (affirming grant of summary judgment to insured where transcript of evidentiary hearing was missing from the record on appeal, despite presence of

witness's affidavit). Compare *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747-748 (559 SE2d 450) (2002) (reaching merits despite missing transcript of summary judgment hearing when "the trial court limited itself to the evidence which had been filed in the case and did not consider any additional evidence").

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 2008.

*Drew, Eckl & Farnham, Harold M. Bagley, Karen K. Karabinos*, for appellant.

*Lee, Black, Hart & Rouse, Christopher L. Rouse*, for appellee.