### A08A1388. LAZ PARKING/GEORGIA, INC. v. JONES.
(668 SE2d 547)

ANDREWS, Judge.

A trial court denied LAZ Parking/Georgia, Inc. (LAZ)'s motion to dismiss Angela Jones's negligence action arising from her alleged injury in a LAZ parking lot. We granted LAZ's application for interlocutory review to determine whether the trial court erred when it denied the motion to dismiss. Jones's complaint does not "relate back" under OCGA § 9-11-15 (c) because LAZ was not served until after the expiration of the statute of limitation and because it had no actual or constructive knowledge of the suit before that expiration. We therefore reverse.

Although "[f]actual disputes regarding service are to be resolved by the trial court," (citation omitted) *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006), this appeal concerns the relation back of a complaint under OCGA § 9-11-15 (c), the facts relevant to which are not in dispute. On December 19, 2006, Jones filed a negligence action against three defendants in connection with injuries she suffered on January 19, 2005, when she allegedly fell on LAZ's property. On January 22, 2007, the original defendants answered. On February 16, 2007, Jones filed an amended complaint adding LAZ as a party defendant; on March 14, she moved for leave to add it as such, which the trial court granted on June 7. Over the next several weeks, Jones attempted to serve LAZ in Georgia and New Jersey without success before serving it by publication on July 11 at the Georgia Secretary of State's office. Jones then dismissed the original defendants without prejudice.

On August 2, counsel for LAZ was notified of the matter for the first time. Although counsel for LAZ was a member of the same law

firm as counsel for the original defendants, the former had no actual knowledge of either Jones's litigation or the incidents giving rise to it and had not represented LAZ in any previous matter. On August 6, LAZ appeared and answered, raising the statute of limitation as an affirmative defense. LAZ then moved to dismiss. After a nonevidentiary hearing, the trial court denied the motion on the ground that both the original defendants and LAZ had been represented by members of the same law firm. This interlocutory appeal followed.

Because Jones did not bring LAZ into the suit until after the statute of limitation expired, her amended complaint is timely only if it "relates back" to the original complaint. See *Stephens v. McDonald's Corp.*, 245 Ga. App. 109, 110-111 (2) (536 SE2d 566) (2000).

OCGA § 9-11-15 (c) provides:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted *relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced* in maintaining his defense on the merits, *and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

(Emphasis supplied.) See also *Caldwell v. Parc Chateau Apts.*, 252 Ga. App. 862, 863 (557 SE2d 455) (2001).

It is undisputed that LAZ did not know about the lawsuit until August 2007, some months after the statute of limitation had run. Having been served, LAZ then engaged counsel who knew nothing about the case and had never before represented LAZ. The mere fact that LAZ's lawyer works in the same firm as the original defendants' lawyer cannot be the means of imputing knowledge of either the action or the underlying facts to LAZ. Though "our policy is to interpret the Civil Practice Act liberally rather than restrictively," that policy does not authorize us to "dispense with the requirement that a defendant sought to be added under OCGA § 9-11-15 (c) must have had sufficient notice of the pendency of the action." (Citation and punctuation omitted.) *Khawaja v. Lane Co.*, 239 Ga. App. 93, 97 (2) (520 SE2d 1) (1999) (affirming trial court's grant of summary judgment to defendant who had no notice of the institution of the

action and was not served until after the expiration of the two-year statute of limitation).

The trial court thus erred when it denied LAZ's motion to dismiss because Jones's service of LAZ did not relate back under OCGA § 9-11-15 (c) to the complaint filed before the expiration of the statute of limitation. See *Stephens*, 245 Ga. App. at 111-112 (2) (affirming trial court's dismissal of complaint where amendment adding new defendant did not relate back under OCGA § 9-11-15 (c) and was thus time-barred); compare *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 881 (3) (575 SE2d 673) (2002) (amendment adding new defendant related back where new defendant was wholly owned subsidiary of original defendant, both defendants had previously been sued jointly in cases alleging same product defect, and same lawyer had previously represented both).

*Judgment reversed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 20, 2008.

*Swift, Currie, McGhee & Hiers, James C. Fox II, James T. McDonald, Jr.*, for appellant.

*Melanie Fenwick Thompson*, for appellee.