**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 31, 2022**

# In the Court of Appeals of Georgia

A22A1066. HERITAGE ROOF TRUSS, INC. v. LEEPER et al.

LAND, Judge.

This interlocutory appeal arises from a home construction dispute. We granted an application by Heritage Roof Truss, Inc. (Heritage) concerning the trial court's denial of Heritage's motion to dismiss plaintiffs Jeffery and Ashley Leeper's amended complaint. Heritage argues that the trial court erred because Heritage did not know nor should have known that it was mistakenly omitted as a defendant before the expiration of the statute of limitation, such that the amended complaint did not relate back under OCGA § 9-11-15 (c).

"Although factual disputes regarding service are to be resolved by the trial court, this appeal concerns the relation back of a complaint under OCGA § 9-11-15 (c), the facts relevant to which are not in dispute." (Citation and punctuation omitted.)

*LAZ Parking Georgia v. Jones*, 294 Ga. App. 122, 122 (668 SE2d 547) (2008). The question before us is therefore one of law – that is, whether there was any evidence to support the trial court's determination that plaintiffs' complaint should relate back. See *Caldwell v. Parc Chateau Apts.*, 252 Ga. App. 862, 863 (557 SE2d 455) (2001) (where a defendant "conclusively demonstrated" that at least one requirement of OCGA § 9-11-15 (c) was not met, a trial court properly granted summary judgment to that defendant). Because there is no evidence supporting the trial court's conclusion that Heritage should have known within the applicable statute of limitations that but for plaintiffs' mistake, it would have been named as a defendant, we reverse.

Plaintiffs' home builder notified them in April 2016 that it would not complete the residence at issue, and plaintiffs became aware of "structural issues" at the house on May 4, 2016. On December 26, 2017, plaintiffs filed their initial complaint for breach of contract and other claims against three individual and three corporate defendants, including the homebuilders Safebuilt Georgia, Inc. ("Safebuilt") and Pyramid Builders Group, LLC, but not including Heritage. In May 2018, plaintiffs moved for a default judgment against Safebuilt. See *Leeper v. Safebuilt Ga., Inc.*, 353 Ga. App. 121, 122 (836 SE2d 625) (2019). After the trial court granted Safebuilt's

motion to open default, id. at 122, plaintiffs applied for and obtained an interlocutory appeal, filing their notice of appeal on October 5, 2018. Thirteen days later, on October 18, Heritage accepted service of plaintiffs' subpoena duces tecum requesting a variety of documents concerning the construction process. Heritage mailed its response to the subpoena on October 24.

On November 27, 2018, the trial court entered a consent motion to stay discovery pending the resolution of plaintiffs' appeal concerning Safebuilt's default. Almost a year later, on November 13, 2019, we affirmed the opening of default. *Leeper*, 353 Ga. App. at 124-126 (1). After the Supreme Court of Georgia denied certiorari, we issued a remittitur on August 17, 2020. In the meantime, on July 10, 2020, our Supreme Court lifted its tolling of filing deadlines due to the COVID-19 pandemic such that, "[i]n cases that were pending before the [original March 14, 2020 tolling order], litigants will have the same amount of time to file or act after July 14 that they had as of March 14." Because there were 51 days remaining on March 14 under the four-year statute of limitation, which would have run on May 4, 2020, plaintiffs were required to file suit against Heritage within 51 days after July 14, or

by September 3, 2020.[1] Plaintiffs did not move to add Heritage as a party defendant, however, until October 14, 2020. In April 2021, after plaintiffs' motion to add Heritage was granted, plaintiffs filed an amended complaint naming Heritage as a defendant, which was served on April 28, 2021.

Heritage filed a motion to dismiss. At the hearing, Heritage argued that in order for the amended complaint to relate back under OCGA § 9-11-15 (c), plaintiffs were required to prove that Heritage knew or should have known that it would have been added as a defendant and that receipt of the subpoena duces tecum did not amount to notice that it should have been so named. The trial court expressed the view that the subpoena duces tecum did amount to such notice and later entered an order denying the motion on the ground that the amended complaint related back.

On appeal, Heritage argues that the trial court should have granted its motion to dismiss because it did not have notice of its potential status as a party defendant until at least six weeks after the running of the statute of limitation. We agree.

---

[1] There is no dispute that the applicable statute of limitation for damage to realty is "four years after the right of action accrues[,]" whether "construed as a claim for breach of contract, breach of implied warranty, negligence, or strict liability[.]" *Kemp v. Bell-View, Inc.*, 179 Ga. App. 577, 577-578 (1) (346 SE2d 923) (1986), citing OCGA § 11-2-725. Plaintiffs do not dispute Heritage's calculations as to the date of the expiration of the limitation period.

OCGA § 9-11-15 (c) provides:

> Whenever the claim or defense asserted in the amended pleading *arises out of the conduct, transaction, or occurrence* set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted *relates back* to the date of the original pleadings if the foregoing provisions are satisfied, and *if within the period provided by law for commencing the action against him the party to be brought in by amendment* (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits*, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

(Emphasis supplied.) There are thus "three criteria" to be met in order for an amended complaint to relate back: when (1) the claim "arises out of the same facts and circumstances"; (2) the proposed party "has received sufficient notice before the running of the applicable statute so as to avoid prejudice" to its defense; and (3) that party "knew or should have known" that but for a mistake, "the action would have been brought against him." *Dean v. Hunt*, 273 Ga. App. 552, 553 (615 SE2d 620) (2005), citing OCGA § 9-11-15 (c); see also *Oconee Cty. v. Cannon*, 310 Ga. 728, 732-733 (2) (854 SE2d 531) (2021).

5

As to the legal effect of the non-party subpoena at issue here, the law is also plain that after commencement of an action, "any party may take the testimony of *any person*, including a party, by deposition upon written questions[,]" and that "[t]he attendance of witnesses may be compelled by the use of a subpoena[.]" (Emphasis supplied.) OCGA § 9-11-31 (a) (1); see also OCGA §§ 24-13-23 (a) ("[a] subpoena may also command *the person to whom it is directed* to produce the evidence designated therein"), 9-11-45 (a) (1) (C) (a "subpoena may command *the person* to whom it is directed to produce and permit inspection and copying of designated books, papers, documents, or tangible things which constitute or contain matters within the scope of the examination permitted") (emphasis supplied).[2]

It follows from this law that the service of a subpoena to a person who is not a party cannot alone constitute notice that the person is or should have been named as a party for purposes of OCGA § 9-11-15 (c), and there is no other evidence in this record authorizing a finding that Heritage should have known that it would be so named. In *Wallick v. Lamb*, 289 Ga. App. 25 (656 SE2d 164) (2007) (physical precedent only), for example, we held that where a plaintiff knew of a defendant's

_____

[2] It is the requirement to produce physical evidence that renders the subpoena "duces tecum," or to produce that evidence under threat of penalty for failing to do so. Garner, ed., Black's Law Dictionary (9th ed., 2009), p. 1563.

6

involvement in a transaction prior to the expiration of a limitation period, but either "failed to timely appreciate" a defendant's potential liability or "deliberately delayed" adding him as a defendant, the provision of OCGA § 9-11-15 (c) (2) was not satisfied such that the trial court properly granted the non-party summary judgment. 289 Ga. App. at 26-27; see also *Dean*, 273 Ga. App. at 554 (the absence of evidence that any mistake had been made as to a party's identity required the appellate court to affirm the trial court's finding that it had no discretion under OCGA § 9-11-15 (c) to allow an amended complaint to relate back).

Under the circumstances outlined above, plaintiffs have not shown that Heritage "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it.]" OCGA § 9-11-15 (c). The trial court therefore erred when it denied Heritage's motion to dismiss the amended complaint. See *Wallick*, 289 Ga. App. at 26-27 ("All of the provisions of OCGA § 9-11-15(c) must be satisfied before the belated claim will relate back and escape the bar of the statute of limitation."); *Dean*, 273 Ga. App. at 554. Compare *Oconee Cty.,* 310 Ga. at 736-737 (3) (854 SE2d 531) (2021) (remanding for further findings as to whether a defendant should have known that he would have been named in an original lawsuit but for plaintiffs' mistake).

7

*Judgment reversed. Gobeil, J., concurs. McFadden, P. J., dissents.*

# In the Court of Appeals of Georgia

A22A1066. HERITAGE ROOF TRUSS, INC. v. LEEPER et al.

MCFADDEN, Presiding Judge, dissenting.

I respectfully dissent. There is some evidence that the content of the subpoena duces tecum and the material Heritage Roof Truss, Inc. produced in response put Heritage on notice that, but for a mistake, it would have been named as an original defendant. So the trial court properly exercised her discretion in ruling that the amended complaint adding Heritage related back under OCGA § 9-11-15 (c), and her order is due to be affirmed.

As the majority notes, OCGA § 9-11-15 (c) establishes three criteria that must be met for an amended complaint to relate back, and the issue in this case is the third

of those criteria: whether, before the running of the statute, Heritage either "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [it]." This criterion requires a factual finding by the trial court as to what the proposed new defendant knew or should have known. See *Oconee County v. Cannon*, 310 Ga. 728, 736-737 (3) (854 SE2d 531) (2021). Our deferential standard of review, see id. at 731 (2), requires us to affirm if there is any evidence which could have authorized the trial court to find that Heritage knew or should have known, within the limitations period, that the plaintiffs would have brought their claim against it but for a mistake. And in reviewing the trial court's ruling, our focus must be on what the proposed defendant, Heritage, knew or should have known, rather than what the plaintiffs knew. See id. at 735-736 (2) (disapproving of the analysis in prior Court of Appeals decisions that "focus[ed] on the plaintiff's knowledge rather than the knowledge of the proposed new defendant"). So actions of the plaintiffs in this case, such as their delay in seeking to amend their complaint, are not dispositive.

The discovery served upon Heritage during the limitations period authorized such a finding by the trial court. That discovery pertained to Heritage's role in the allegedly flawed construction at the heart of the plaintiffs' complaint. While I do not

2

believe that this evidence demanded a finding that the third criterion was met, it permitted the trial court to make such a finding — to conclude that Heritage should have known from the discovery that the reason the plaintiffs had not initially sued Heritage was because they lacked "full knowledge of the factual and legal differences between [Heritage and the originally named defendants]." *Oconee County*, 310 Ga. at 735 (2).

I agree with the majority that "the service of a subpoena to a person who is not a party cannot alone constitute notice that the person is or should have been named a party for purposes of OCGA § 9-11-15 (c)[.]" But to my mind, the key word is "alone." The plaintiffs rightly direct our attention to the context of the subpoena and the materials produced in response. Taken together, they satisfy the "any evidence" standard.

For these reasons, I would affirm the trial court's ruling as being within the scope of her discretion.

3