## A90A1665. BENSCHOTER v. SHAPIRO.

(398 SE2d 399)

DEEN, Presiding Judge.

Appellant Benschoter, an employee of Delta Air Lines, was injured May 5, 1987, while driving a forklift off a trailer operated by Any Time Service ("Any Time"), an unincorporated division of Tass, Inc. According to the record, Any Time and Tass, Inc., had the same officers and directors (Theodore A. Shapiro and his wife), and Mr. Shapiro was president and sole shareholder.

Benschoter filed an action February 9, 1988, naming as defendant Theodore A. Shapiro d/b/a Any Time Service. In his answer, filed March 23, 1988, Shapiro asserted as a defense that he was an improper party defendant. According to Shapiro's counsel, he informed Benschoter's counsel, shortly after the answer was filed, that the basis for the improper-party defense was that it was Tass, a corporate entity, which actually owned the trailer and, therefore, was the proper party defendant. Appellant contends that this alleged communication never took place and that he became aware that Tass was the proper party only when Shapiro's deposition was taken in December of 1989. Appellant further contends that he succeeded in getting Shapiro's deposition only after several attempts, an allegation denied by Shapiro.

In February 1990 appellant's motion to add a party defendant (Tass, Inc.) was denied, and we granted his application for interlocutory appeal. He enumerates as error the denial of this motion. *Held*:

It would appear from a review of the entire record, including the depositions, that plaintiff/appellant did not exercise due diligence in seeking to amend his pleadings to correct a misnomer. Whether or not plaintiff's counsel was told by opposing counsel (as the latter asserts and the former denies) that Any Time was a division of Tass, Inc., and that Tass was the actual owner of the trailer, it appears from the record that defendant/appellee's answer should have put appellant on notice that there was a question regarding the proper party or parties defendant. Appellant further asserts, moreover, that his preparation for trial was delayed by difficulty in scheduling Shapiro's deposition — an allegation denied by appellee. The record contains no notice to take Shapiro's deposition. The deposition itself bears the date December 6, 1989, and the trial court's order of July 30, 1990, states that it was filed with that court February 2, 1990. Appellant further alleges that the trial court's failure to open Shapiro's deposition, which was transmitted to the trial court in February of 1990, until after appellant's motion to add a party was denied, was reversible error.

In his March 7, 1990, order denying appellant's motion to add Tass as a party, the trial court recites that he has considered "the pleadings, briefs of counsel, and other evidence submitted, and . . .

the entire record on this matter." In his order of July 30, 1990, requiring Shapiro's deposition to be sent to this court, however, the trial court states that it had been transmitted to the trial court and was not opened. Absent clear indications to the contrary, there is a strong presumption that proceedings in the trial court have been conducted in an orderly and proper manner. *General Motors Corp. v. Walker*, 244 Ga. 191 (259 SE2d 449) (1979); *Porter Coatings v. Stein Steel &c. Co.*, 157 Ga. App. 260 (277 SE2d 272) (1981).

Acknowledging this presumption, we are led to conclude that the trial court considered that there was sufficient evidence without the Shapiro deposition to enable him to make a correct ruling on the issues before him, including that of the running of the statute of limitation and the attendant questions of due diligence and laches. The determination of whether a party should be added is left to the discretion of the trial court, and that determination will be disturbed on appeal only if that discretion has been abused. *Cartin v. Boles*, 155 Ga. App. 248 (270 SE2d 799) (1980); see OCGA §§ 9-11-15 (a); 9-11-21. Finding no abuse, we affirm the ruling below.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED OCTOBER 10, 1990 —
REHEARING DENIED OCTOBER 23, 1990 — 

*Charles E. Moore, Jr., Karolyn P. Mercer*, for appellant.
*Goldner, Sommers & Scrudder, Glen S. Bass, Linda E. Jacobsen*, for appellee.

