A95A2673. HARRISON v. GOLDEN et al.
(466 SE2d 890)

BIRDSONG, Presiding Judge.

On December 27, 1991, appellant Tony Harrison sued Melvin Leon Golden, Carolyn Golden, and/or Jane Doe for injuries sustained in an automobile accident on January 6, 1990. Carolyn Golden's boyfriend, Jackie Dempsey, had borrowed Melvin Golden's car, driven it to his stepfather's house and parked it in the driveway. While unoccupied the car rolled into the roadway and struck Harrison's vehicle. On June 4, 1992, Harrison moved for leave of court to add as a defendant Jack Dempsey, the person alleged last to have driven the Goldens' car. The trial court ultimately denied Harrison's motion, and thereafter granted summary judgment to the Goldens. Harrison now appeals. *Held:*

1. Harrison contends the trial court erred in denying his motion for leave of court to add a party defendant. He claims that, until he deposed Melvin and Carolyn Golden, he believed Carolyn Golden was the last known driver of the vehicle prior to the collision. At the depositions he learned that Carolyn Golden allowed her former boyfriend, Jack Dempsey, to use the car.

OCGA § 9-11-15 (c) provides: "Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Harrison asserts that in denying his motion to add Dempsey as a defendant, the trial court erroneously concluded that Dempsey did not have notice of the suit prior to the

expiration of the two-year statute of limitation.

A review of the record shows Dempsey was served on two occasions with a copy of the original complaint after the statute of limitation had expired. In fact, the Goldens themselves were not served until after the expiration of the statute. Further, nothing in the record shows Dempsey had any knowledge of the suit prior to the expiration of the statute of limitation.

A new party may be added to a lawsuit only if both elements of OCGA § 9-11-15 (c) have been satisfied. In the present case, Dempsey may have had notice of the facts of the case prior to the running of the statute of limitation, but this alone is not sufficient to satisfy the elements of OCGA § 9-11-15 (c). "By the plain wording of the statute, the required notice is notice of the institution of the action (i.e., notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action. Notice of the incidents giving rise to the litigation did not satisfy the § 81A-115 (c) [OCGA § 9-11-15 (c)] requirement that the party sought to be added must have notice of the institution of the action. See also *Sims v. American Cas. Co.*, 131 Ga. App. 461 (6) (206 SE2d 121), affd. 232 Ga. 787 (209 SE2d 61), recognizing this distinction by citing *Craig v. United States*, 413 F2d 854 (9th Cir. 1969), wherein the required notice of the institution of the action was held to be notice within the statutory period of the lawsuit, and not merely notice of the incident giving rise to it. *Sims*, supra, p. 483." (Citation and punctuation omitted.) *Hall v. Hatcher Sales Co.*, 149 Ga. App. 133, 134 (253 SE2d 812). Accordingly, the trial court properly denied Harrison's motion for leave of court to add a party defendant because Harrison failed to show that Dempsey had notice of the institution of the action within the limitation period.

2. Harrison also contends the trial court erred by granting summary judgment to the Goldens even though genuine issues of material fact remained. Specifically, Harrison claims that there was a question of fact regarding who was the last known driver of the car, and also that the negligence of the appellees should be determined by a jury.

Under our law, "[t]o prevail at summary judgment . . . the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. See, e.g., *Holiday Inns v. Newton*, 157 Ga. App. 436 (278 SE2d 85)." *Lau's Corp. v. Haskins,*

261 Ga. 491 (405 SE2d 474).

(a) Although Harrison contends that the Goldens' testimony claiming the automobile had no brake or transmission problems did not conclusively establish as a matter of law that there was no negligence on the Goldens' part, he misstates the burden. After *Lau's Corp.*, a movant for summary judgment who will not have the burden of proof at trial need not conclusively disprove the non-moving party's case. Id. at 495. "[I]nstead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491. Here the Goldens carried their burden by showing that the car was under Dempsey's control prior to the accident, and that it was in good mechanical condition. Therefore, Harrison was required to come forward with evidence giving rise to a triable issue on these points. Id.

Harrison attempted to meet this burden by producing a mechanic's affidavit stating that in his opinion a car in proper mechanical order which has its emergency brake applied and is in a gear will not roll from a parked position. He further declared it was his opinion based on his "experience and training that the vehicle did not have its emergency brakes properly applied and was not in gear." This affidavit is insufficient to produce a genuine issue of fact as to the Goldens' averred liability. It is not inconsistent with the Goldens' deposition testimony that they properly cared for the vehicle, that they were without knowledge of any defect in the braking system or other problems that might cause the vehicle to roll when parked, and that there were no problems with the braking system after the collision. We conclude that Harrison failed to point to a triable issue; rather he merely relied on general allegations contained in a mechanic's affidavit. "In response to a motion for summary judgment, the non-moving party may not rest on generalized allegations, but must come forward with specific facts." *Precise v. City of Rossville*, 261 Ga. 210, 212 (3) (403 SE2d 47).

(b) Further, Harrison attempts to show a genuine issue of material fact by claiming that Carolyn Golden was the last driver of the vehicle, rather than Jack Dempsey. Harrison provided the affidavit of a private investigator who stated that Mr. Golden's wife (who was not present at the time of the accident) told him that her stepdaughter Carolyn Golden was the last driver of the car. In summary judgment proceedings the rules on admissibility of evidence apply, and hearsay such as this statement by the investigator has no probative value unless it is part of the res gestae. *Strickland v. DeKalb Hosp. Auth.*, 197

Ga. App. 63, 65 (397 SE2d 576).

(c) Harrison relies on the doctrine of res ipsa loquitur to establish a breach of duty by the Goldens.

"The elements of the res ipsa loquitur doctrine are: (1) injury of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff. Further, the accident must also be of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence. Moreover, res ipsa loquitur should be applied with caution and only in extreme cases; . . . it is not applicable when there is an intermediary cause which produced or could produce the injury, or where there is direct unambiguous testimony as to the absence of negligence by the defendant, or where there is no fair inference that the defendant was negligent." (Citation, punctuation and emphasis omitted.) *United States Fidelity &c. Co. v. J. I. Case Co.*, 209 Ga. App. 61, 64 (3) (432 SE2d 654).

For Harrison to proceed under the res ipsa loquitur doctrine, he must satisfy all elements of the test. He cannot do so, since the doctrine requires that defendants have exclusive control over the instrumentality. In this case Dempsey, and not the Goldens, had physical control of the vehicle before the crash. Harrison's attempt to rebut this point through the affidavit of his investigator is insufficient. Therefore, res ipsa loquitur is not applicable because an intermediary cause (namely, Dempsey) produced or could have produced the injury. *Meadows v. Oates*, 156 Ga. App. 242, 243 (274 SE2d 634).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED DECEMBER 12, 1995 —
RECONSIDERATION DISMISSED JANUARY 4, 1996.

*Jack F. Witcher*, for appellant.
*Arnold Wright, Jr.*, for appellees.