## A98A2306. TANNER'S ROME, INC. v. INGRAM.
### (511 SE2d 617)

BLACKBURN, Judge.

Tanner's Rome, Inc. appeals the denial of its motion for summary judgment, contending that the claim asserted by Mae Nell Ingram is barred by the applicable statute of limitation. Specifically, Tanner's Rome contends that Ingram failed to meet the notice requirements necessary to substitute a party defendant pursuant to OCGA § 9-11-15 (c). We affirm that Ingram met the requirements of OCGA § 9-11-15 (c), such that the amendment to the complaint which changed the party defendant related back to the date of the original pleadings.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997)." (Punctuation omitted.) *Urban v. Lemley*, 232 Ga. App. 259 (501 SE2d 529) (1998).

Viewed in this light, the record shows that, on May 5, 1995, Ingram slipped and fell in a restaurant owned and operated by Tanner's Rome. On May 5, 1997, the last day before her claim would have been barred by the two-year statute of limitation, Ingram filed suit against Tanner's Management, Inc., a separate sister corporation of Tanner's Rome with the same registered agent. See OCGA § 9-3-33. Service was perfected on Tanner's Management on June 5, 1997. Service of the complaint was the first notice that either Tanner's Management or Tanner's Rome had of the action.

Tanner's Management filed its answer on July 3, 1997, in which it denied ownership of the restaurant. Thereupon, Ingram sought to have Tanner's Management dropped as a defendant and Tanner's Rome substituted in its stead in accordance with OCGA § 9-11-15 (c), which provides: "Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing pro-

visions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Under the statute, the substituted defendant must have had notice of the action itself, not notice of the incident.

Ingram's motion to amend the complaint was granted by consent order. Subsequently, Tanner's Rome filed its motion for summary judgment on the ground that the amended complaint was barred by the two-year statute of limitation because service of the complaint on Tanner's Management after the expiration of the statute of limitation was not notice "within the period provided by law for commencing the action against [Tanner's Rome]." OCGA § 9-11-15 (c). Tanner's Rome concedes that, with the exception of notice of the action, the requirements of OCGA § 9-11-15 (c) are met.

This case is controlled by *Rich's, Inc. v. Snyder*, 134 Ga. App. 889, 891 (1) (216 SE2d 648) (1975), which considered and rejected an identical argument. In *Rich's*, the plaintiff was allowed to substitute Rich's, Inc. for Richway, Inc. even though service was perfected on Richway after the expiration of the statute of limitation. "Since the action was commenced within the two-year period of the limitation statute the fact that service was made . . . after the expiration of this statute does not bar the action." Id. at 892 (1). In the present case, Tanner's Rome admits it is a sister corporation to Tanner's Management, the original defendant, and that it knew or should have known the action would have been brought against it. Consequently, the valid service on Tanner's Management, the sister corporation, after the expiration of the statute of limitation was timely notice of the action, and the requirements of OCGA § 9-11-15 (c) were met. *Rich's, Inc.*, supra.

Tanner's Rome erroneously relies on *Harrison v. Golden*, 219 Ga. App. 772 (466 SE2d 890) (1996) to support its contention. *Harrison* is distinguishable because in that case the substituted defendant and the existing defendant were unrelated. Here, Tanner's Rome has admitted the relationship of the parties. The trial court properly denied Tanner's Rome's motion for summary judgment.

We note that this issue revolves specifically around notice requirements and, as such, is distinguishable from whether a plaintiff who served a defendant after the statute of limitation has expired was diligent such that the late service relates back to the date of filing. See *Allen v. Kahn*, 231 Ga. App. 438 (499 SE2d 164) (1998).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

*Cobb, Grabbe, Spillers & Irwin, R. Chris Irwin,* for appellant.
*Hollingsworth & Associates, Charles T. Crouse,* for appellee.