A01A0200, A01A0201. COTTON v. NATIONSBANK, N.A. et al. (two cases).
(548 SE2d 40)

BLACKBURN, Chief Judge.

In consolidated appeals concerning the enforcement of an allegedly fraudulent deed to secure debt, Thomas E. Cotton, pro se,

---

appeals the trial court's grant of summary judgment to defendant NationsBank, N.A. and its subsequent denial of his motion to vacate that grant of summary judgment.[1] Because Cotton's claims that NationsBank defrauded him are barred by the four-year statute of limitation under OCGA § 9-3-31, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[2]

The evidence, so viewed, shows that on October 7, 1986, Cotton signed a blank security deed and delivered it to Bank South, NationsBank's predecessor in interest. Cotton claimed that the deed was fraudulently altered to list him as the grantor and Bank South as the grantee and recorded without his consent on December 10, 1986.

On April 26, 1996, Cotton filed a civil action against Nations-Bank (formerly Bank South) in Gwinnett County seeking the cancellation of the security deed based on fraud. Cotton voluntarily dismissed that complaint on January 15, 1998. On July 14, 1998, Cotton refiled the Gwinnett County action, stating that he dismissed the first case due to "ill health."

NationsBank moved for summary judgment based on res judicata and the running of the statute of limitation. The trial court granted the motion on both grounds. Cotton filed a motion to vacate, which the trial court denied.

## Case No. A01A0200

1. We agree with the trial court that the instant action was barred by the statute of limitation and affirm on that ground. The statute of limitation on fraud cases such as this is four years. See OCGA § 9-3-31. However, "the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA § 9-3-96.

---

[1] As an initial matter, we note that Cotton's brief does not contain any arguments in support of his enumerations, but refers us to the arguments he made before the trial court. Our Rule 27 (c) (2) states that "[a]ny enumeration of error which is not supported in the brief by citation of authority or argument shall be deemed abandoned." However, we choose to exercise our discretion and review the trial court's ruling.

[2] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Cotton signed an affidavit on April 25, 1990, in which he stated that Bank South, without authorization, listed itself as the grantee of the security deed and recorded it without his permission. Thus, Cotton discovered the fraud no later than April 25, 1990, and had until April 24, 1994, to file a complaint. Cotton filed his complaint in this case on July 14, 1998, well after the statute of limitation had run.

The renewal statute does not change the result. That statute provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

OCGA § 9-2-61 (a). Cotton filed the complaint that he later dismissed on April 26, 1996, which was not within the applicable statute of limitation.

### Case No. A01A0201

2. Cotton appeals the trial court's denial of his motion to vacate its grant of summary judgment to NationsBank. Because the statute of limitation had run for the reasons set forth in Division 1, we affirm.

*Judgments affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2001 —
RECONSIDERATION DENIED MAY 15, 2001.

Thomas E. Cotton, *pro se.*
*Blasingame, Burch, Garrard, Bryant & Ashley, Thomas H. Rogers, Jr.,* for appellees.