A01A0628. FONTAINE v. HOME DEPOT, INC.
(550 SE2d 691)

POPE, Presiding Judge.

In October 1995, Douglas Fontaine was injured when he fell in a stairwell at a Home Depot office facility. Fontaine filed this premises liability action against The Home Depot, Inc. in October 1997. Home Depot, Inc. answered that it was an improper defendant because it had no interest in the premises which was the subject of the action. Approximately nine months after receiving Home Depot, Inc.'s answer, and approximately ten months after the expiration of the statute of limitation, Fontaine moved to amend his complaint to add Home Depot U.S.A., Inc., which owned the premises, as a defendant. Home Depot, Inc. opposed Fontaine's motion to amend and moved for summary judgment.

The trial court denied Fontaine's motion to amend because it found that Home Depot U.S.A. would be prejudiced by the amendment adding it as a party defendant and because Fontaine allowed an inexcusable delay to occur before filing his motion to amend. The trial court also found that Home Depot, Inc. did not occupy the subject premises as contemplated by OCGA § 51-3-1 and granted summary judgment to Home Depot, Inc. Fontaine appeals. For the reasons which follow, we find that the trial court abused its discretion in denying Fontaine's motion to amend and that issues of fact preclude summary adjudication. Accordingly, we reverse.

The addition of a new party defendant by an amendment to the complaint requires the exercise of discretion by the trial court. See *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. 483, 484 (469 SE2d 769) (1996). To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The trial court ruled on the record but held no evidentiary hearing. The record shows that GAB Robins agreed to provide insurance adjusters for Home Depot U.S.A. Fontaine was one of these adjusters.

He was paid by GAB Robins, but he worked in a Home Depot office facility under the direction of Nancy Baker, an employee of Home Depot U.S.A. Baker is described as the national litigation manager for "Home Depot." Baker is the registered agent for both Home Depot, Inc. and Home Depot U.S.A. The two corporations also share legal counsel.

The deed records reflect that Home Depot U.S.A. owned the premises where the injury occurred. But the Cobb County tax records reflect that Home Depot, Inc. is the owner of the premises and the ad valorem taxpayer. There is evidence that Home Depot, Inc. and Home Depot U.S.A. both occupied office space in the building where Fontaine was injured. We note that in reviewing the record and the briefs, we have found it difficult to identify whether an attorney's, deponent's, or affiant's reference to "Home Depot" refers to Home Depot, Inc. or Home Depot U.S.A. in particular or is simply meant as a generic reference.[1]

1. Fontaine based his motion to add, or in the alternative to substitute, Home Depot U.S.A. as a party defendant under OCGA §§ 9-11-15 and 9-11-21. OCGA § 9-11-15 (c) provides:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

OCGA § 9-11-15 (c) applies to motions to add a party as well as to substitute a party. *Cobb v. Stephens*, 186 Ga. App. 648, 649 (368 SE2d 341) (1988). Fontaine argues that he met the three requirements for effecting an amendment under OCGA § 9-11-15 (c): (1) the

---

[1] For example, in their appellate brief appellee's counsel defines "The Home Depot, Inc." as "Home Depot"; they then refer to Fontaine as having worked at "Home Depot's home office" and Baker to be in charge of "Home Depot's" litigation unit. We suspect that counsel intends for these references to "Home Depot" to refer to Home Depot U.S.A. rather than the defined term "The Home Depot, Inc.," but we cannot be sure.

amendment adding Home Depot U.S.A. arises out of the same facts as the original complaint; (2) Home Depot U.S.A. had notice of the action when it was filed against Home Depot, Inc., as they share the same registered agent; and (3) Home Depot U.S.A. knew or should have known it would have been named a defendant but for a mistake by Fontaine. See *Harding v. Godwin*, 238 Ga. App. 432, 434 (518 SE2d 910) (1999).

We agree that Fontaine's motion to amend meets the requirements of OCGA § 9-11-15 (c). The record is factually similar to *Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (1) (216 SE2d 648) (1975), and *Tanner's Rome, Inc. v. Ingram*, 236 Ga. App. 275 (511 SE2d 617) (1999). Both *Rich's* and *Tanner's* involved slip and fall cases in which the plaintiff commenced an action within the statute of limitation against a corporation that did not own the premises where the fall occurred. After the statute of limitation had run, the plaintiffs moved to amend the complaint to substitute the owner of the premises as the party defendant and to have the amendment relate back to the original filing date. The corporations which owned the subject premises were related to and similarly named as the original defendants and knew or should have known that the plaintiffs made a mistake in failing to name them as party defendants. We found that OCGA § 9-11-15 (c) was intended to operate in such a situation to effect an amendment relating back to the original filing date. Thus, this court has held that under these facts a trial court abuses its discretion when it denies a motion to amend. See *Shiver*, 220 Ga. App. at 484; *Robinson v. Piggly Wiggly of Calhoun,* 193 Ga. App. 675, 677 (388 SE2d 754) (1989); *Rich's*, 134 Ga. App. at 891-892.

Home Depot, Inc. claims that Fontaine sat on his rights, neglected due diligence, and was guilty of laches and that therefore it was within the trial court's discretion to deny Fontaine's motion to amend. Home Depot, Inc. argues that where the original defendant's answer puts the plaintiff on notice that there was a question regarding the proper defendant, lack of due diligence in ascertaining the proper defendant can be considered by the trial court in disallowing a motion to amend. See *Benschoter v. Shapiro*, 197 Ga. App. 357 (398 SE2d 399) (1990).

Delay alone is not sufficient grounds to deny the addition of a party, but laches and unexcused delay may bar a proposed amendment. See *Robinson*, 193 Ga. App. at 675. "It should be particularly noted, however, that while laches and unexcused delay may bar a proposed amendment, *the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced.*" (Punctuation omitted; emphasis in original.) *Gordon v. Gillespie*, 135 Ga. App. 369, 376 (2) (217 SE2d 628) (1975). And prejudice, for purposes of OCGA § 9-11-15 (c), does not include the relation back of an

amendment to before the expiration of the statute of limitation. Id. Laches requires more than the passage of time; laches also requires prejudice arising from that passage of time; and when the original defendant and the defendant which plaintiff proposes to add by amendment are intertwined corporations which both have received notice of an action before the expiration of the statute of limitation, the prejudice that might otherwise exist is negated. See *Shiver*, 220 Ga. App. at 484-485. Compare *Harrison v. Golden*, 219 Ga. App. 772, 773 (1) (466 SE2d 890) (1995), in which the additional defendant and existing defendant were unrelated.

In *Benschoter,* the plaintiff sued an individual rather than the individual's associated corporation, which owned the trailer which was the subject of the action. The defendant's response put the plaintiff on notice that he had sued the wrong defendant, and we held that "from a review of the entire record . . . that plaintiff/appellant did not exercise due diligence in seeking to amend his pleadings to correct a misnomer." 197 Ga. App. at 357. We found the trial court failed to abuse its discretion in denying plaintiff's motion to amend. Id. at 358. We are privy to only a limited recitation of the record in *Benschoter*, so we cannot say that it was wrongly decided. But *Benschoter* failed to address whether the plaintiff's delay in amending his complaint was prejudicial. Here, there is no prejudice to Home Depot U.S.A. because it was on notice of this action from the very beginning, and although Home Depot, Inc. did claim in its answer that it was an improper defendant, and prompt and diligent action by Fontaine might have led to an earlier motion to amend, a nine-month period between the filing of the answer and the motion to amend is not sufficient for a finding of laches or unreasonable delay because the nine-month period was not prejudicial to Home Depot U.S.A.

It can also be argued that Fontaine did not make a mistake in identity as required by OCGA § 9-11-15 (c). *Deleo v. Mid-Towne Home Infusion,* 244 Ga. App. 683 (536 SE2d 569) (2000), and *Harding v. Godwin,* 238 Ga. App. 432, were decided on this ground. *Deleo* and *Harding* involved plaintiffs who tried to add individual defendants to their complaint after the expiration of the statute of limitation. But these individuals had no reason to believe that "but for a mistake concerning the identity of the proper party, the action would have been brought against him." OCGA § 9-11-15 (c). In contrast, as shown by *Rich's, Tanner's*, and *Robinson*, the courts will recognize a mistake when it is unclear which related corporation controlled a premises for purposes of a slip and fall action. We are unpersuaded that Fontaine's work as an adjuster should have made him aware that Home Depot U.S.A. was a proper defendant.

Because Fontaine's motion to amend conforms to the requirements of OCGA § 9-11-15 (c) and is not prejudicial, the trial court

abused its discretion in denying Fontaine's motion to amend his complaint. We direct the trial court to allow Fontaine to add Home Depot U.S.A. as a party defendant, with the date of service relating back to the date of service on Home Depot, Inc.

2. Home Depot, Inc. can be liable under principles of premises liability only if it had control of the premises. See *Scheer v. Cliatt*, 133 Ga. App. 702, 704 (2) (a) (212 SE2d 29) (1975). That it does not own the office building in question mitigates against a finding that Home Depot, Inc. had control of the premises, but lack of ownership is not conclusive.

> There are many other factors which should be considered as evidence of control: Who managed the daily operations of the shop — hiring, wages, hours, etc.? Who had the right to admit or exclude customers? Who maintained and repaired the premises? Who paid the bills, taxes, wages? What were the responsibilities of the parties under the lease? Etc.

Id. Because ownership of the premises is not the sole factor in determining control, and the record is otherwise unclear as to whether Home Depot, Inc. had control of the premises, the trial court erred in granting summary judgment to Home Depot, Inc. on that basis.

3. Fontaine claims the trial court erred in granting summary judgment to Home Depot, Inc. on the "borrowed servant" principle. Apparently, GAB Robins payed Fontaine workers' compensation benefits related to the injuries he suffered in his fall. But even if he received workers' compensation, Fontaine was also entitled to recover damages from a third-party defendant such as Home Depot, Inc. See *Avis Truck Rental v. Coggins*, 129 Ga. App. 81, 82 (1) (198 SE2d 716) (1973). However, Home Depot, Inc. may escape tort liability if Fontaine was a borrowed servant. For this doctrine to apply, the third party must establish that "(1) the special master had complete control and direction of the servant for the occasion; (2) the general master had no such control, and (3) the special master had the exclusive right to discharge the servant." (Punctuation omitted.) *Six Flags Over Ga. v. Hill*, 247 Ga. 375, 377 (1) (276 SE2d 572) (1981). After reviewing the trial court's order, we are not certain that the trial court ruled against Fontaine on the basis of the borrowed servant doctrine, although it recited Fontaine's arguments on the issue in its order. In any case, questions of fact remain as to the extent of control by GAB Robins over Fontaine.

4. Home Depot, Inc. argues that summary judgment is proper because under the principle of premises liability it could not have had superior knowledge of the hazard which allegedly caused Fontaine's injury. The trial court made no specific findings on this issue.

As our Supreme Court noted in *Robinson v. Kroger Co.*, 268 Ga. 735, 748 (2) (b) (493 SE2d 403) (1997), "the 'routine' issues of premises liability . . . are generally not susceptible of summary adjudication." We find that questions of fact remain on this issue.

*Judgment reversed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JUNE 18, 2001.

*Greer, Klosik, Daugherty & Swank, Robert J. McCune*, for appellant.

*Mozley, Finlayson & Loggins, Carroll G. Jester, Jr., Theo M. Sereebutra, Troy A. Gay*, for appellee.