## A04A1051. THIGPEN v. JAILLETT.
(604 SE2d 246)

MILLER, Judge.

In this trespass action Joseph V. Thigpen, appearing pro se, appeals from a grant of summary judgment against him, contending that a genuine issue of material fact remains as to whether Thigpen trespassed on Richard Jaillett's land. Finding no error, we affirm.

On appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine whether the trial court erred in finding there was no genuine issue of material fact and that the party was entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998). "[W]e view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant." (Citation omitted.) *Cotton v. NationsBank*, 249 Ga. App. 606, 607 (548 SE2d 40) (2001).

Viewed in this light, the evidence showed that Thigpen's home and Jaillett's home share a boundary. In between their homes was a drainage ditch. While renovating his home, Thigpen had a large concrete pad poured to serve as a driveway. As a part of this pad, he installed a culvert in the ditch and paved over it. This concrete pad extended over the property line onto Jaillett's property by about seven feet.

Jaillett filed a complaint seeking damages and an injunction, naming Thigpen, Thigpen's wife,[1] and Gwinnett County[2] as defendants. In his first amendment to the complaint, Jaillett dropped his claim for damages, and sought a stay of the final building permit until the trespass issue was resolved.

Jaillett then filed a motion for summary judgment, and Thigpen subsequently filed two motions to dismiss. The trial court granted summary judgment to Jaillett and ordered Thigpen to remove the concrete and return the land back to its original state. Thigpen appeals.

1. Thigpen argues that the trial court erred in granting Jaillett's motion for summary judgment because there was a genuine issue of material fact as to whether he trespassed onto Jaillett's property. We disagree.

Although he does not cite any Code section, Thigpen seems to argue that he has claim to the land under OCGA § 44-5-161. This Code section provides in pertinent part that for possession to be the foundation of prescriptive title, it must be public, continuous, exclusive, uninterrupted, peaceable, and accompanied by a claim of right. OCGA § 44-5-161 (a) (3) and (a) (4). Jaillett correctly argues that for Thigpen to take the land by adverse possession he would have to meet the 20-year possession requirement of OCGA § 44-5-161. See also OCGA § 44-5-163 (compliance with OCGA § 44-5-161 for 20 years confers prescriptive title against everyone except the state and those laboring under disabilities). Thigpen also appears to make a claim under OCGA § 44-5-164, which provides that adverse possession for

---

[1] Only Joseph Thigpen appeals.

[2] Gwinnett County and Jaillett resolved their dispute by entering into a Consent Order.

seven years confers title when there is written evidence of title. As Thigpen presented no written evidence of title to this portion of Jaillett's property, this argument fails.

Thigpen admitted in his deposition that the pavement he installed crossed the boundary. During the hearing on the motion for summary judgment, Thigpen admitted that he had offered to purchase the land from Jaillett, which suggests that he was aware that the land did not belong to him. Additionally, a land surveyor averred that the paving crossed the boundary line. This evidence was sufficient to show that there was no genuine issue of material fact as to whether Thigpen had trespassed onto Jaillett's property. The trial court correctly granted Jaillett's motion for summary judgment.

2. We have reviewed Thigpen's remaining enumerations of error and find that they are without merit. Most of them are deemed abandoned because they are not supported by relevant argument or citation of authority. See Court of Appeals Rule 27 (c) (2). Other issues were not properly preserved for appellate review. When an issue that is alleged to constitute error is not preserved by perfecting the record, there is nothing for this Court to review and the issue is waived. See, e.g., *Brewer v. State*, 219 Ga. App. 16, 18 (2) (463 SE2d 906) (1995).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 31, 2004.

Joseph V. Thigpen, *pro se.*
David S. Walker, Jr., Michael V. Stephens II, Karen G. Thomas, for appellee.