**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 11, 2021**

# In the Court of Appeals of Georgia

A20A1778. COOPER v. KANA HOTELS, INC.

GOBEIL, Judge.

This appeal arises from injuries Kelvin Cooper allegedly sustained when he fell in a hotel managed by Kana Hotels, Inc. ("Kana") in October 2014. Cooper timely sued the hotel's owner, Wedge Holdings, Inc. d/b/a Embassy Suites ("Wedge"), in state court in October 2016, alleging negligence. He then obtained leave of court to add Kana as a party defendant in 2017. After Cooper voluntarily dismissed the state court action, he filed a renewal action in superior court in 2019.[1] Cooper now appeals from the superior court's grant of summary judgment to Kana, arguing that the court erroneously determined that the underlying 2016 case was "void," rather than

---

[1] Cooper's wife pursued a claim for loss of consortium in state court. She voluntarily dismissed her state court action and renewed her suit in superior court.

"voidable." Cooper also asserts that the superior court erred by finding that the addition of Kana in August 2017 did not relate back to the original October 2016 complaint; and in determining as a matter of law that Kana did not commit fraud. For the reasons explained more fully below, we affirm.

> Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of appellate review and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Community Marketplace Properties, LLC v. SunTrust Bank*, 303 Ga. App. 403, 404 (693 SE2d 602) (2010) (citation and punctuation omitted). To the extent that "[t]he issue on appeal involves the proper construction of the renewal statue, OCGA § 9-2-61, we apply a de novo standard of review." *Gresham v. Harris*, 329 Ga. App. 465, 465 (765 SE2d 400) (2014).

So viewed, the record shows that Cooper filed suit in the State Court of Fulton County against Wedge for injuries he allegedly sustained when he fell in Wedge's Atlanta hotel on October 10, 2014. Cooper sent correspondence to the hotel on January 29, 2015, directed to "Embassy Suites." The letter requested "the name and contact information of the insurer" or, alternatively, requested the insurer to contact

2

Cooper's attorney directly. The letter did not include a request for management information, and Cooper acknowledges that he received a response to this communication in the form of a letter from Liberty Mutual showing Wedge as its insured.

Cooper filed his state court complaint naming Wedge as the only defendant on October 3, 2016, seven days prior to the expiry of the applicable two year statute of limitation. See OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues"). Cooper unsuccessfully tried to serve Wedge with the complaint by serving Kent Devantier, the hotel's general manager, on October 17, 2016. Devantier was not authorized to accept service on behalf of Wedge. On April 7, 2017, Cooper filed a second amended complaint, purporting to add Kana, a corporation that he alleged "exercises some managerial control over" the hotel, as well as another potentially liable entity, Southport Hotel Company, LLC ("Southport"). Contemporaneously with that complaint, Cooper filed a motion to add Kana and Southport as defendants pursuant to OCGA §§ 9-11-15 and 9-11-21.

The state court entered an order on several pending motions on August 31, 2017. In the order, the state court (1) granted Wedge's motion to dismiss, finding that

Cooper had failed to properly or timely serve Wedge; (2) granted Southport's motion to dismiss, finding that Cooper failed to exercise due diligence in serving Southport; and (3) granted Cooper's motion to add Kana as a defendant, noting the motion was "not opposed" and "well-founded." Cooper then served Kana on September 6, 2017.

On January 29, 2018, Kana filed a motion to dismiss the state court case based on the expiration of the statute of limitation and laches. The state court denied the motion, but granted Cooper's motion to compel discovery on the issues of "service, notice, and relation back under OCGA § 9-11-15 (c)." Kana then filed a motion for summary judgment, arguing that the discovery it conducted confirmed that Kana received no notice of the institution of the state court action prior to the running of the statute of limitation. Before the state court ruled on Kana's motion, Cooper voluntarily dismissed the state court action on February 24, 2019.

On June 24, 2019, Cooper filed a renewal action in the Superior Court of Fulton County, naming Kana, Wedge, and Southport as defendants. Cooper served Kana with the complaint, and Kana then filed a motion for summary judgment. In the motion and supporting brief, Kana argued that Cooper could not renew his action against Kana because he failed to commence the state court action against Kana until after the statute of limitation had already expired, and the complaint naming Kana did

4

not relate back to the original complaint because Kana had no notice of the suit before the limitation period ran. Cooper responded, arguing in pertinent part that his superior court suit constituted a valid renewal action, he satisfied the relation back requirements of OCGA § 9-11-15 (c), and a material issue of fact existed as to whether Kana committed fraud, as contemplated in OCGA § 9-3-96, that would toll the running of the statute of limitation "until well after Mr. Cooper served Kana on September 6, 2017."

The superior court granted in part and denied in part[2] Kana's motion for summary judgment, concluding in relevant part that Cooper could not avail himself of OCGA § 9-2-61's renewal provisions because his state court suit was void since Cooper failed to serve Wedge, the only party named in the original complaint. The superior court also concluded that Cooper's amended state court complaint adding Kana as a defendant did not relate back to the date of the original complaint because he did not timely provide Kana with notice of the suit as required by OCGA § 9-11-15. Thus, Cooper's claims against Kana were barred by the statute of limitation. With regard to Cooper's argument that Kana's fraud tolled the statute of limitation, the

---

[2] The superior court denied Kana's motion for summary judgment as to Cooper's wife's loss of consortium claim; this claim remains pending in the superior court and is not at issue in this appeal.

court ruled that Cooper had not demonstrated fraud under OCGA § 9-3-96. This appeal followed.

On appeal, Cooper argues that the superior court erred by concluding the 2016 suit was wholly void, rather than merely voidable. He also argues that the superior court erred by ruling that the second amended complaint did not relate back to the date of the original complaint because Cooper failed to notify Kana of the suit within the statute of limitation as required by OCGA § 9-11-15 (c). In a related argument, Cooper asserts the superior court erred by determining as a matter of law that Kana did not commit fraud so as to toll the statute of limitation. Pretermitting whether the superior court erred by ruling that the 2016 state court suit was void, rather than voidable, we hold that the superior court properly granted summary judgment to Kana based on its statute of limitation defense.

With respect to Cooper's 2017 addition of Kana to the 2016 state court suit, "in order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15, leave of court must first be sought and obtained pursuant to OCGA § 9-11-21." *Matson v. Noble Inv. Group, LLC*, 288 Ga. App. 650, 654 (2) (655 SE2d 275) (2007) (citation, punctuation, and emphasis omitted). Where, as here, the party would be added after the running of the statute of limitation, the court must

6

determine whether the claim against the new party relates back to the date of the original complaint. *Callaway v. Quinn*, 347 Ga. App. 325, 329 (2) (819 SE2d 493) (2018).

> OCGA § 9-11-15 (c) provides:
>
> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Put another way, three conditions must be met before a court can authorize the addition of a new party defendant and the relation back of claims as to that new defendant: (1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient, timely notice of the action; and (3) within the statute of limitation, the new defendant should have known

7

that but for a mistake concerning his identity as a proper party, the action would have been brought against him. *Doyle Dickerson Tile Co. v. King*, 210 Ga. App. 326, 327-328 (436 SE2d 63) (1993). For an amendment to relate back to the original filing, there must "be a *strict* adherence to the *letter* of OCGA § 9-11-15 (c) by the one who would rely upon it as authority for the addition of a new party to an existing action." *Swan v. Johnson*, 219 Ga. App. 450, 451 (1) (465 SE2d 684) (1995) (citation and punctuation omitted; emphasis in original).

Here, it is undisputed that Cooper did not obtain a court order to add Kana within the statute of limitation, nor did it serve Kana with the amended complaint within the statute of limitation, which expired on October 10, 2016. Thus, for the addition of Kana to be effective, the amended complaint must relate back to the original complaint. *AC Corp. v. Myree*, 221 Ga. App. 513, 514 (1) (471 SE2d 922) (1996). Kana had the burden on summary judgment to demonstrate that Cooper failed to meet at least one of the relation-back requirements in OCGA § 9-11-15 (c). *Swan*, 219 Ga. App. at 451 (1).

In support of Kana's argument that it did not receive timely notice of the suit, it submitted the affidavit of the hotel's manager, Devantier. Devantier averred that he first learned of the state court suit on October 17, 2016, one week *after* the expiration

8

of the statute of limitation, when Cooper personally served him in an effort to perform service on Wedge. Further, Devantier stated that he had never been a registered agent for Kana, nor was he authorized to accept service on Kana's behalf. Similarly, in Cooper's response to Kana's motion for summary judgment, Cooper conceded that "Kana received direct notice of the 2016 [c]ase no later than October 17, 2016, when Mr. Cooper personally served the General Manager of the [h]otel, Kent Devantier, with the complaint that specifically referenced the [h]otel and Mr. Cooper's injuries that had been the subject of an internal Kana incident report . . . ." However, the record is devoid of evidence that Kana had notice of the 2016 suit prior to the expiration of the statute of limitation.[3] And, under OCGA § 9-11-15 (c), "the [added] defendant must have had *notice of the action itself*, not notice of the incident[,]" within the applicable limitation period. *Tanner's Rome, Inc. v. Ingram*, 236 Ga. App. 275, 276 (511 SE2d 617) (1999) (emphasis supplied).

On appeal, Cooper does not allege that Kana had notice of the suit before October 17, 2016; instead, he contends that Kana's relationship with Wedge is sufficiently close as to render the filing of the complaint against Wedge on October

---

[3] Notably, neither the original complaint nor the first amended complaint named Kana as a party.

3, 2016, sufficient to provide Kana with notice of the 2016 suit. In support of this argument, Cooper cites *Tanner's Rome, Inc.,* a case in which the added defendant admitted it was a sister corporation to the original defendant, and admitted that "it knew or should have known the action would have been brought against it." Id. at 276. Consequently, this Court held that valid service on "the sister corporation, after the expiration of the statute of limitation was timely notice of the action, and the requirements of OCGA § 9-11-15 (c) were met." Id. In arriving at our decision in that case, we expressly distinguished *Harrison v. Golden*, 219 Ga. App. 772 (466 SE2d 890) (1999), "because in that case the substituted defendant and the existing defendant were unrelated." *Tanner's Rome, Inc.*, 236 Ga. App. at 276. In the instant case, unlike the defendant in *Tanner's Rome, Inc.*, Kana has not admitted the relationship of the parties, and there is no evidence that Kana and Wedge are "sister" corporations or that Kana and Wedge share registered agents. Id. at 276. Based on the foregoing, the superior court correctly concluded that Cooper's amended complaint naming Kana did not satisfy the relation-back requirements of OCGA § 9-11-15.

Cooper argues that, because a recommenced case envisioned by the renewal statute is an action de novo, *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322)

(1994), he was permitted to file a renewal action under the circumstances present in this case. We disagree. Georgia's renewal statute provides:

> When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later[.]

OCGA § 9-2-61 (a). This state's appellate courts have held that "*outside of issues concerning the statute of limitation*, claims and defenses raised in a renewal action are considered independently of that which occurred in the original action." *SunTrust Bank v. Lilliston*, 302 Ga. 840, 843 (809 SE2d 819) (2018) (emphasis supplied).

Here, Cooper filed the amended complaint naming Kana on April 7, 2017, a complaint that he later dismissed. This filing, as well as Cooper's renewal complaint in superior court, both were filed outside the applicable statute of limitation. Because Cooper's cause of action against Kana did not relate back to the date of the initial complaint in the state court action, Cooper's claim against Kana was time-barred at the time he dismissed the state court action, and the claim remains time barred. Kana was therefore entitled to summary judgment on its statute of limitation defense. See *Cotton v. NationsBank, N. A.*, 249 Ga. App. 606, 607 (548 SE2d 40) (2001)

11

(permitting defendant to raise statute of limitation defense in renewal action where defendant alleged that plaintiff's original complaint was filed outside statute of limitation).

As to Cooper's assertion that Kana committed fraud so as to extend the statute of limitation, Cooper alleged in his amended complaint and argues on appeal that the statute of limitation was tolled as to Kana because Kana, Wedge, and Southport "exhibited a persistent course of conduct that prevented Mr. Cooper from efficiently determining the proper parties to join as [d]efendants in the 2016 [c]ase[.]" Specifically, in response to Kana's motion for summary judgment, Cooper submitted the affidavit of his attorney, wherein the attorney stated that he sent correspondence to the hotel on January 29, 2015. Cooper maintains that Kana failed to comply with its obligations under OCGA § 33-3-28, and as a result, he did not discover that Kana managed the hotel until after the expiry of the relevant limitation period. That statute directs that within 30 days of receipt of a written request, an insured "shall disclose to the claimant or his attorney the name of each known insurer which may be liable to the claimant upon such claim." OCGA § 33-3-28 (a) (2).

As an initial matter, to the extent Cooper argues that Kana had a duty to respond to his January 2015 letter requesting insurance information, and the failure

to respond to the letter constituted a fraudulent omission, we are unpersuaded. The January 2015 letter upon which Cooper's fraud allegation rests is directed to "Embassy Suites" and requests "the name and contact information of the insurer" or, alternatively, requests the insurer to contact Cooper's attorney directly. The letter does not include a request for management information, and Cooper acknowledges that he received a response to this communication in the form of a letter from Liberty Mutual showing Wedge as its insured. This evidence was insufficient, as a matter of law, to establish fraud that would have tolled the statute of limitation under OCGA § 9-3-96.[4] See *Shipman v. Horizon Corp.*, 245 Ga. 808, 809 (267 SE2d 244) (1980) (only actual fraud involving moral turpitude tolls the statue of limitation; constructive fraud does not toll the statute).

In any event,

[a]lthough under OCGA § 9-3-96 the defendant's fraud which debars or deters the plaintiff from bringing an action will toll the period of limitation until the plaintiff's discovery of the fraud, fraud which tolls

---

[4] In contrast to the lack of evidence Cooper submitted on this issue, Kana demonstrated that (1) a placard located outside of the hotel's registration area informs guests that the hotel is "managed by Kana Hotel Group"; and (2) Kana's name appears prominently at the top of the incident report prepared in connection with Cooper's accident.

the statute of limitation must be such actual fraud as could not have been discovered by the exercise of ordinary diligence, in the absence of any confidential relation.

*Milburn v. Nationwide Ins. Co.*, 228 Ga. App. 398, 402 (1) (c) (491 SE2d 848) (1997) (citation and punctuation omitted). Importantly, "to establish tolling under OCGA § 9-3-96, [Cooper] must prove that [Kana] engaged in a species of fraud that concealed *the existence of the cause of action*." *Stewart v. Warner*, 257 Ga. App. 322, 323 (571 SE2d 189) (2002) (citations and punctuation omitted; emphasis supplied).Thus, because none of Kana's actions or inactions prevented Cooper from discovering the existence of his negligence claim, any possible concealment by Kana of its status as a potentially liable party "does not constitute concealment of the existence of the cause of action to avoid the running of the statute of limitation." Id.

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*