**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**March 22, 2021**

# In the Court of Appeals of Georgia

A21A0289. LEARY v. PERDUE FARMS, INC.

MERCIER, Judge.

In this personal injury action, Troy Leary appeals from the trial court's grant of summary judgment to Perdue Farms, Inc. ("Perdue Farms"), and the denial of his motion to amend his complaint to substitute Perdue Foods, LLC ("Perdue Foods") as a party defendant. For the following reasons, we affirm the trial court's grant of summary judgment to Perdue Farms, but reverse the denial of Leary's motion to amend, and we remand this case for further proceedings.

Leary alleged that on November 2, 2017, Zachary Lewis was driving a vehicle owned by Perdue Farms when he rear-ended the vehicle Leary was driving, injuring Leary and damaging his vehicle. After apparently filing a claim with Perdue Farms, Leary's counsel received a letter, dated May 28, 2019, from a "casualty general

adjuster" with Broadspire Services, Inc., acknowledging his claim and requesting certain information from Leary. The letter stated that Broadspire was the claims administrator handling claims for Perdue Farms and its subsidiaries.

On October 11, 2019, Leary filed a complaint for damages against Perdue Farms, Lewis, John Doe, and John Doe, Inc. He alleged that at the time of the collision, Lewis was employed by Perdue Farms, and that therefore any negligence on the part of Lewis was imputable to Perdue Farms under the doctrine of respondeat superior. Lewis answered the complaint, and generally denied the allegations. Perdue Farms also answered the complaint, denied the allegations, and asserted as a defense that it was not a proper party to the action.

On December 11, 2019, Perdue Farms filed a motion to dismiss Leary's complaint on the ground that Leary failed to state a claim for which relief could be granted. Perdue Farms attached to its motion the affidavit of its senior risk manager, who averred that Lewis "is not an employee of Perdue Farms, Inc." and "was not an employee of Perdue Farms, Inc. on November 2, 2017." In January, 2020, the trial court notified the parties that because Perdue Farms submitted evidence in support of its motion to dismiss, the motion was "tantamount to a motion for summary judgment. OCGA § 9-11-12 (b)," that Leary would have until May 22, 2020 to

respond to the motion, and that "discovery shall proceed as contemplated under the law."

In February 2020, Lewis was deposed and stated that he was employed by Perdue Foods at the time of collision. About a month later, on March 31, 2020, Leary filed a motion to amend his complaint to substitute "Perdue Foods, LLC as a party defendant, in place of its corporate affiliate, and original Defendant, Perdue Farms, Inc." Leary asserted that based upon information obtained through discovery and subsequent pleadings, he determined that Perdue Foods, rather than Perdue Farms, was Lewis' employer and the owner of the vehicle Lewis was driving at the time of the collision. In his May 2020 response to Perdue Farms' motion to dismiss, Leary argued that the motion should be denied as moot upon substitution of Perdue Foods in the place of Perdue Farms.

Without holding a hearing, on May 29, 2020, the trial court granted Perdue Farms summary judgment, finding that since Leary "declared the motion 'moot' because he no longer claims that Perdue Farms was Lewis' employer, . . . [he] . . . has admitted . . . he can present no evidence sufficient to raise a genuine issue of fact to supporting his claim against Perdue Farms." The court also denied Leary's motion to amend his complaint to substitute Perdue Foods as a defendant. The court concluded

3

that because Leary failed to show that Perdue Foods received notice of the lawsuit within the statute of limitations,[1] the proposed amendment cannot relate back to the original date of filing. Leary now appeals from these rulings.

1. Leary first asserts that the trial court erred in granting Perdue Farms summary judgment because he introduced evidence showing that Perdue Farms was Lewis' employer, and thus a proper party defendant. However, because Leary conceded below that Lewis was employed by Perdue Foods at the time of the collision, and he cannot now argue that an issue of fact exists concerning whether Lewis was employed by Perdue Farms. See generally *Georgia-Pacific v. Fields*, 293 Ga. 499, 501 (1) (748 SE2d 407) (2013) (admissions or allegations appearing in pleadings are treated as admissions in judicio and conclusive of the facts contains therein); *Kensington Partners v. Beal Bank Nev.*, 311 Ga. App. 196, 196 (1) (715 SE2d 491) (2011) ("It is well established that a party may make admissions in judicio in their pleadings, motions and briefs.[Cit.]").

---

[1] The statute of limitations expired in November 2019, about a month after the filing of Leary's complaint and nearly five months before the filing of his motion to amend the complaint. See OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues").

4

2. Leary asserts that the trial court erred in denying his motion for leave to substitute Perdue Foods as the defendant because he satisfied the requirements for relation back under OCGA § 9-11-15 (c).[2] That Code section provides:

> Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

---

[2] Perdue Farms argues that this Court is without jurisdiction to consider the trial court's denial of Leary's motion to amend. But the grant of a motion for summary judgment is directly appealable, OCGA § 9-11-56 (h), and once a direct appeal is taken, "all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment . . . standing alone[.]" OCGA § 5-6-34 (d).

"If a litigant meets the relation-back requirements in OCGA § 9-11-15 (c), a trial court abuses its discretion by refusing to add a party on statute of limitation grounds." *Seay v. Valdosta Kidney Clinic*, 353 Ga. App. 378, 380 (1) (837 SE2d 529) (2020).

The parties do not dispute that Leary seeks to assert a claim against Perdue Foods that arises out of the same factual situation referenced in the complaint. But they disagree on whether Perdue Foods had notice of the lawsuit before the limitation period expired. Leary argues that the trial court wrongly concluded that the party sought to be added to the action under OCGA § 9-11-15 (c) must have *actual* notice of the pending litigation.

The court found that although Perdue Farms and Perdue Foods share the same principal office address and the same registered agent for service of process in Georgia, which is sufficient to raise the inference that the corporations are intertwined and that Perdue Foods may have had knowledge of the lawsuit, more is required. Citing this Court's opinion in *St. Francis Health v. Weng*, 354 Ga. App. 310 (840 SE2d 712) (2020), the court reasoned that because Leary seeks to add Perdue Foods outside the statute of limitation, he must show that Perdue foods "'had notice of the lawsuit before the limitation period expired.'" The trial court concluded "[i]t is not enough to assume that the people from Perdue Farms talked to the people from

6

Perdue Foods about the institution of this lawsuit, or that Perdue Farms' registered agent also provided a copy of the suit papers to Perdue Foods. There must be evidence." However, the trial court's reliance on *Weng* is misplaced, and we have held under similar circumstances that amendment should be allowed to add a party defendant.

In *Weng*, the plaintiff brought a medical malpractice complaint against an entity "doing business as" a hospital. Id. at 310. After serving the complaint, she was informed that before her claim arose, the entity she sued had declared bankruptcy and sold the assets of the hospital to another entity. Id. at 310-311. This Court held that there was no evidence showing that the new owner had notice of the institution of the action within the statute of limitation. Id. at 312-313. By comparison, in *Fontaine v. Home Depot*, 250 Ga. App. 123 (550 SE2d 691) (2001), we held that the trial court erred in denying the plantiff's motion to substitute Home Depot U.S.A. for Home Depot, Inc. where both entities had the same registered agent and both occupied the building where the plaintiff was injured. Id. at 124-125 (1). And in *Parks v. Hyundai Motor America.*, 258 Ga. App. 876 (575 SE2d 673) (2002), we considered other evidence of notice. There, the plaintiffs sued Hyundai Motor America asserting that a Hyundai vehicle had a defective lap belt design. Id. at 877. After determining that

Hyundai Motor Company manufactured the vehicle, the plaintiffs filed a motion to add that entity as a defendant. Id. We held that strong evidence of notice was provided by the history of lawsuits against both Hyundai entities and the fact that Hyundai Motor Company was the sole shareholder of Hyundai Motor America. Id. at 881-882 (3). We also noted other cases where there was clearer evidence that the second corporation had notice because the two corporate entities shared the same registered agent for service or shared common officers. Id.; see *Tanner's Rome v. Ingram*, 236 Ga. App. 275, 275-276 (511 SE2d 617) (1999) (plaintiff sued Tanner's Management, Inc., a sister corporation of the correct defendant Tanner's Rome, Inc. with the same registered agent; given the corporate relationship, both had notice of lawsuit before expiration of limitation period); *Ford v. Olympia Skate Center*, 213 Ga. App. 600, 601-602 (1) (445 SE2d 362) (1994) (plaintiff sued Olympia Skate Center, Inc.; substitution of correct defendant Olympia Services, Inc., complied with OCGA § 9-11-15 (c); original complaint was served on personal secretary of president of both corporate entities and the two entities were closely intertwined); *Rich's v. Snyder*, 134 Ga. App. 889, 891-892 (1) (216 SE2d 648) (1975) (plaintiff sued Richway, Inc.; substitution of correct defendant Rich's, Inc. d/b/a Richway, Inc., complied with predecessor to OCGA § 9-11-15 (c) where both corporations had same

8

registered agent for service; additionally, liability insurer for correct defendant communicated with plaintiff shortly after her injury).

Here, the evidence showed that Perdue Farms and Perdue Foods have the same principal office address and share the same registered agent. And a claims adjuster for "Perdue Farms, Inc. and its subsidiaries" acknowledged Leary's claim and asked Leary for other information, providing further evidence that Perdue Foods and Perdue Farms are intertwined corporations. This evidence was sufficient to show that Perdue Foods received such notice of the institution of the action that it would not be prejudiced in maintaining his defense on the merits. See *Fontaine*, supra at 126 (1) ("[W]hen the original defendant and the defendant which plaintiff proposes to add by amendment are intertwined corporations which both have received notice of an action before the expiration of the statute of limitation, the prejudice that might otherwise exist is negated.").[3] This conclusion is consistent with our holdings in *Fontaine,* supra, *Parks*, supra, *Tanner's Rome*, supra, *Ford*, supra, and *Richs*, supra, and in

---

[3] Perdue Farms asserts that its registered agent is a "large, corporate, registered agent service" and not an individual, and it argues Leary has failed to show how "acceptance of service . . . by a global registered agent service would automatically place Perdue Foods on notice of the pending lawsuit." However, we find no authority making a distinction, for purposes of notice, between a registered agent who is an individual and one that is an entity (or registered agent service), and we decline to do so here.

keeping with the well-settled principle that OCGA § 9-11-15 (c) "should be liberally construed to effect its purpose of ameliorating the impact of the statute of limitation." *Cartwright v. Fuji Photo Film, U.S.A.*, 312 Ga. App. 890, 894 (2) (720 SE2d 200) (2011) (citation and punctuation omitted); see also *Tenet HealthSystem GB v. Thomas*, 304 Ga. 86, 89 (816 SE2d 627) (2018). The trial court therefore erred in denying Leary's motion to amend on the ground that there was no evidence of notice to Perdue Foods, and we remand this case with direction that the trial court determine whether Leary showed that Perdue Foods knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. See OCGA § 9-11-15 (c).[4]

*Judgment affirmed in part and reversed in part, and case remanded with direction. Dillard, P. J., and Colvin, J., concur.*

---

[4] Perdue Farms has moved to dismiss this appeal on the ground that Leary's brief was not timely filed. Leary timely filed his brief but this Court returned it because it failed to comply with Court of Appeals Rule 6. Leary then refiled his brief outside of the 20-day window. See Court of Appeals Rule 23 (a). Under these circumstances, we exercise our discretion to deny the motion to dismiss.